Jo Ann CALHOUN *v.* Robert CALHOUN

CA 81-152                                   625 S.W. 2d 545

Court of Appeals of Arkansas
Opinion delivered December 16, 1981

*Lesly W. Mattingly,* for appellant.

*Richard Quiggle,* for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Jo Ann Calhoun, appeals from a decree of the Chancery Court of Pulaski County granting appellee, Robert Calhoun, a divorce contending that the chancellor erred in denying her motion to dismiss the complaint on grounds that there was no corroborative evidence of appellee's grounds for divorce; there was not sufficient evidence to support the chancellor's award of custody of their minor child to the appellee; and that the chancellor erred in not awarding her attorney's fees.

The parties of this action were married in June of 1974, and had one child who was four years of age at the time of the divorce. Although separated on several prior occasions, the parties finally separated on July 21, 1980. Shortly thereafter the appellee commenced this action in the Chancery Court of Pulaski County for divorce alleging that the appellant had offered such indignities to his person, habitually and systematically pursued to such an extent that his condition in life had become intolerable. He further prayed for custody of their minor child. The appellant answered, denying his grounds for divorce and counterclaimed for divorce on those same grounds and also seeking custody of their minor child.

At the conclusion of the hearing the court dismissed appellant's counterclaim, granted appellee a divorce and awarded him custody of the minor child with reasonable visitation in the appellant. He denied appellant's motion for allowance of attorney's fees. The appellant does not appeal from the order dismissing her cross-complaint for divorce but only from those points of error set out in the first paragraph hereof.

Appellant first contends that the court erred in denying her motion to dismiss the complaint because appellee's testimony as to grounds for divorce was not corroborated.

Appellee testified at length concerning acts of misconduct on the part of appellant, some of which were denied and others admitted and explained by appellant. No other witness admitted to knowledge of the grounds for divorce testified to by either party. Appellee, conceding that a divorce may not be granted on the uncorroborated evidence of either party, contends that appellant, in her own testimony, admitted some of the allegations of appellee and her testimony was therefore sufficient corroboration. We do not agree.

The rule of this state, long established and uniformly adhered to in our decisions is that while both parties are competent to testify in a divorce action, in order to justify the granting of a divorce the testimony of the complaining spouse must be corroborated by some witness other than the parties to the action. That corroboration may not be supplied by the defending spouse as divorces are not granted upon the uncorroborated testimony of the parties or their admissions of the truth of the matters alleged. *Jackson* v. *Bob,* 18 Ark. 399 (1857); *Rie* v. *Rie,* 34 Ark. 37 (1881); *Sisk* v. *Sisk,* 99 Ark. 94, 136 S.W. 987 (1911); *Kientz* v. *Kientz,* 104 Ark. 381, 149 S.W. 86 (1912); *Davis* v. *Davis,* 163 Ark. 263, 259 S.W. 751 (1924); *Settles* v. *Settles,* 210 Ark. 242, 195 S.W. 2d 59 (1946); *Allen* v. *Allen,* 211 Ark. 335, 200 S.W. 2d 324 (1947); *Stearns* v. *Stearns,* 211 Ark. 568, 201 S.W. 2d 753 (1947); *Parnell* v. *Parnell,* 211 Ark. 1029, 204 S.W. 2d 469 (1947).

In *Jackson* v. *Bob,* supra, the court, in holding that the required corroboration must be by some witness other than the parties to the action, pointed out the underlying principle for this rule from which there has been no departure. It observed that in any ordinary adversary suit a complainant may obtain a decree upon the declarations or admissions of the defendant, but in actions for divorce such evidence is not sufficient because of the possibility of collusion. It stated:

> It is because of the interest which the public have in the marriage relation, that suits for divorce, in the respects above stated, are not governed by the rules of evidence applicable in ordinary suits.

Ark. Stat. Ann. § 34-1207.1 (Supp. 1981), as amended by Acts 1981, No. 267, provides two exceptions to this rule. That section now dispenses with the requirement of corroboration in uncontested divorce actions and permits a written waiver of the requirement in contested suits by the offending spouse. Neither exception is applicable here, and as there was no testimony from any independent source tending to corroborate appellee's grounds for divorce, we must conclude that the trial court erred in failing to dismiss the complaint.

The appellant next contends that the chancellor erred in awarding the custody of the minor child to his father, the appellee herein. The appellee offered evidence that the child's mother was emotionally immature and prone to explosive displays of temper. It was testified that she had gone through periods of depression and had threatened suicide on two or three occasions. There was further testimony that the mother did not properly care for the child's needs, was indifferent to his welfare and was erratic in her disciplinary methods. The appellee testified that he was well prepared to care for the child and had done so for long periods of time. The appellant testified to the contrary that it was appellee, not her, who was the cause of the problems concerning discipline. She denied any neglect of the child, testifying that she was fully capable of caring for him and had done so. On conflicting testimony the chancellor found that the best interest of the minor's welfare would be served by placing him in the custody of the appellee.

We cannot say that the chancellor's finding in this regard was clearly erroneous or against a preponderance of the evidence. In cases involving child custody a heavier burden is cast upon the chancellor to utilize to the fullest extent all of his powers of perception in evaluating the witnesses, their testimony and the child's best interest. This court has no such opportunity. We know of no case in which the superior position, ability and opportunity of the chancellor to observe the parties carry as great weight as one involving minor children. *Wilson* v. *Wilson*, 228 Ark. 789,

310 S.W. 2d 500 (1958); *Dennis* v. *Dennis,* 239 Ark. 384, 389 S.W. 2d 631 (1965).

It is well settled that the burden is upon the appellant to establish from the record that the chancellor's findings are incorrect, and such findings will not be reversed unless found to be clearly against a preponderance of the evidence. Since the question of preponderance of the evidence turns largely on the credibility of the witnesses, we defer to the superior position of the chancellor in that respect. *Andres* v. *Andres,* 1 Ark. App. 75, 613 S.W. 2d 404 (1981); *Hackworth* v. *First National Bank of Crossett,* 265 Ark. 668, 580 S.W. 2d 465 (1979); Rule 52 (a), Arkansas Rules of Civil Procedure.

The appellant next contends that the chancellor erred in disallowing her petition for attorney's fees. The allowance of attorney's fees in divorce actions rests within the sound discretion of the chancellor. That discretion will not be disturbed unless it is shown to have been abused. *Cook* v. *Cook,* 233 Ark. 961, 349 S.W. 2d 809 (1961). In the case now subject to review it was shown that the appellant was gainfully employed at the time of the divorce proceedings and was earning the sum of $40 per day working at Wal-Mart. The evidence further discloses that a substantial sum of money was contained in a credit union account, the larger portion of which was awarded to appellant. The chancellor may well have considered these and other factors in his determination not to award attorney's fees against the appellee. On the record before us we cannot say that the chancellor abused his discretion.

Affirmed in part and reversed in part.