Cathy Irene MALONE *v.* Roger Wayne MALONE

CA 81-334                                     631 S.W. 2d 318

Court of Appeals of Arkansas
Opinion delivered April 14, 1982

*E. Winston McInnis,* for appellant.

*Malcolm R. Smith,* for appellee.

TOM GLAZE, Judge. This appeal involves a custody action. The appellant raises three issues: (1) The chancellor's finding that appellee should have custody of the parties' children is against the preponderance of the evidence; (2) The chancellor erred in not appointing a guardian *ad litem*; and (3) The chancellor erred in allowing into evidence the minor children's school report cards.

This dispute between the parties began in 1977. On March 23, 1977, a divorce decree was awarded appellant. The court additionally awarded her custody of the parties' three minor children. Subsequently, on July 16, 1979, the chancery court held that a change of circumstances had occurred since the rendition of the divorce decree, and it awarded custody of all three children to appellee, subject to reasonable visitation by appellant. On October 6, 1980, appellee filed a petition asking the court to order appellant to pay child support, and appellant counter-petitioned, alleging there had been a change of circumstances between the parties and requested that custody of the children be returned to her. On May 28, 1981, the chancellor ordered that the custody of the children remain in appellee and further ordered appellant to pay child support in the amount of $140 every two weeks.

On appeal, appellant argues that a review of the record in this case reveals that the evidence preponderates in her favor. Appellant argues that she is as fit to care for the children as appellee. Appellant's arguments might be well taken if we were reviewing an initial award of custody of the parties' children, but this is not the situation. Here, custody was initially awarded to appellant and subsequently changed to appellee. Thus, we are now concerned with whether circumstances have changed which would warrant custody of the children to be returned to appellant and whether the chancellor's determination to the contrary was clearly erroneous or clearly against the preponderance of the evidence. See *Watson* v. *Watson*, 271 Ark. 294, 608 S.W. 2d 44 (Ark. App. 1980).

Basically, appellant offers only three changes in circumstances since the trial court's last order on July 16, 1979,

*viz.,* (1) Her financial stability is better than appellee's; (2) A stressful relationship exists between the parties' oldest daughter, Kay, and appellee's present wife; and (3) Kay prefers to live with appellant. We cannot say the chancellor was clearly erroneous in finding these circumstances insufficient to warrant a change in custody.

It is true that appellee's income is less than the income earned by appellant. However, there is no evidence that the children's needs are not being provided for. We are aware of no cases where custody was changed merely because one parent had more resources or income. Obviously, appellant's ability to provide the children with more material items as well as additional activities is, in itself, not a factor entitling her to custody.

Regarding the other changes raised by appellant, we believe the chancellor was most reflective and thoughtful, not only in considering the problems which exist between Kay and her stepmother, but also in pondering Kay's stated preference to be returned to appellant. Before making a final decision, the chancellor interviewed Kay, an eleven year old, and he clearly weighed and considered Kay's expression of preference as he should have done. See *DeCroo* v. *DeCroo,* 266 Ark. 275, 583 S.W. 2d 80 (1979). Such preference, however, is not binding.

The evidence supports the conclusion that the stepmother recognized the problems between herself and Kay. The stepmother has sought counseling in a good faith effort to achieve a solution to these problems. Since the stepmother's marriage to appellee was of recent vintage, the chancellor obviously considered the fact that the relationship between Kay and her stepmother was new. In view of the conscientious efforts by the stepmother to establish a relationship with Kay, the chancellor did not believe Kay's welfare, at this time, would be jeopardized by leaving custody with her father. If the situation should change, the chancellor has made it evident that he would be receptive to such changes being brought to his attention. Since, however, less than one year has passed since the court awarded custody to appellee, we believe the chancellor's reluctance to

change custody at this time is understandable in light of all the evidence. The record reflects the children's physical, mental and spiritual needs are being met by appellee and his wife, and we simply are in no position to find the chancellor erred in his decision.

In so holding, we have considered appellant's argument that the chancellor erred in admitting into evidence the children's report cards. While it is true that these report cards contained hearsay, we find it unnecessary to make any ruling concerning the admissibility of the cards. After a careful review of the evidence and the findings of the chancellor, we hold that the court's order retaining custody in appellee is entirely correct even excluding the information contained on the report cards. See *Shaw v. Shaw*, 249 Ark. 835, 462 S.W. 2d 222 (1971).

In conclusion, appellant contends the chancellor abused his discretion in not appointing a guardian *ad litem*. While we cannot agree that the chancellor abused his discretion, we have recommended the appointment of guardians *ad litem* in custody cases. See *Kimmons v. Kimmons*, 1 Ark. App. 63, 613 S.W. 2d 110 (1981). Of course, guardians *ad litem* are not required by statutory law in custody actions, and under the facts presented in this case, we are unable to hold that the chancellor erred in not appointing one. Our holding on this point, however, should not be taken to mean that an *ad litem* appointment could not or should not be considered by the court at any future hearings scheduled in this cause.

Affirmed.