## Mary Bea VAN WINKLE *v.* Larmon D. VAN WINKLE

CA 82-136                                   644 S.W.2d 311

### Court of Appeals of Arkansas
### Opinion delivered December 22, 1982

*David E. Smith* of *Smith & Boswell,* for appellant.

*Barron, Coleman, Barket & Smith, P.A.,* by: *Gary P. Barket,* for appellee.

Lawson Cloninger, Judge. This is an appeal from the refusal of the trial court to dissolve a temporary order which changed the custody of the two children of the parties from the mother to the father.

Appellant, Mary Bea Van Winkle (now Estes), was granted a divorce from appellee, Larmon D. Van Winkle, on January 8, 1979, at which time the parties were awarded joint custody of their children, Larmon D. Van Winkle, Jr., then four years of age, and Michael Paul Van Winkle, then one year of age.

Appellant subsequently remarried and petitioned the court to modify the joint custody arrangement and to give her permission to move with her new husband to North Carolina. Appellee resisted the motion of appellant, and, after a full hearing, the court, on December 3, 1979, entered

an order which granted appellant permission to remove the children from the state. The court also granted custody of the children to appellant for nine months each year, the time to coincide with the opening and closing of school after the children began attending school. Appellee was granted custody for three months each year beginning the later of June 1 or two days after the closing of school. The non-custodial parent was additionally given stated visitation rights.

On March 25, 1980 a motion filed by appellee requested that appellee be awarded custody of the children for nine months of the year, and on September 4, 1980 the court entered a temporary order which provided that the children be returned to the custody of appellant until December 26, 1980; that appellant on that day was to deliver the children to appellee, and that appellee was to have custody of the children until the older child began the first grade of elementary school. The order provided that the court would make a decision with regard to permanent custody upon the petition of either party.

At the hearing on the motion the trial court found that the fact that appellant had gone to work since the permanent order of December 3, 1979 was entered was a change in circumstances, but that it was not a material change.

On February 23, 1981 appellant filed her motion requesting that she be awarded the custody of the children during the regular nine months school term, stating that she was not working and had no intention of working. A hearing on the motion was conducted on August 10, 1981, and on September 10, 1981, the court entered an order providing that "the temporary order is left as is, pending a change in the future." This appeal is from that order.

Appellant contends that the trial court erred when it modified a permanent order, the order of December 3, 1979, from which no appeal was taken, although no material change in circumstances was shown. We agree.

The trial court found that appellant's employment did not constitute a material change in circumstances since the

entry of the permanent order, and that finding is amply supported by the evidence. No other changes were shown.

Appellee's contention that the interests of the children would be better served by remaining in their circle of friends and their numerous relatives has considerable merit, but those contentions were before the trial court when the permanent order of December 3, 1979 was entered. Appellee will not be permitted to re-litigate that issue. A decree with respect to the custody of a child is subject to modification in the light of circumstances which have changed since the rendition of the original decree. *Digby* v. *Digby*, 263 Ark. 813, 567 S.W.2d 290 (1978). The party seeking a change of custody must assume the burden of showing such changed conditions as would justify a modification. *Plum* v. *Plum*, 252 Ark. 340, 478 S.W.2d 882 (1972). In the instant case, at the hearing on the motion to dissolve the temporary order, the trial court correctly observed that in order to obtain a change in custody the moving party had to show a material change of circumstances.

By its own terms, the temporary order entered by the trial court dissolved itself in August, 1981, when the older child began the first grade of elementary school. On September 10, 1981, the court entered no permanent order, but merely declined to dissolve the temporary order.

The judgment is reversed and the cause is remanded to the trial court with directions to reinstate the permanent order of the court entered on December 9, 1979.

GLAZE, J., not participating.