Orina Jo SWEAT *v.* Danny Eugene SWEAT

CA 83-1                                659 S.W.2d 516

Court of Appeals of Arkansas
Division II
Opinion delivered October 26, 1983

*Harold L. Hall,* for appellant.

*R. L. Walloch,* for appellee.

TOM GLAZE, Judge. On January 8, 1980, appellee was granted a divorce from appellant and awarded custody of the parties' minor son, Jason. Two years, eight months later, appellant initiated this action to obtain custody of Jason, and the trial court denied her request. The sole question on appeal is whether the court's decision was clearly against the preponderance of the evidence.

The primary consideration in awarding the custody of children is the welfare and best interest of the children involved. Other considerations are secondary. *Digby* v. *Digby,* 263 Ark. 813, 567 S.W.2d 290 (1978). The same standard applies to a change in custody. *Watson* v. *Watson,* 271 Ark. 294, 608 S.W.2d 44 (Ark. App. 1980). *See also Malone* v. *Malone,* 4 Ark. App. 366, 631 S.W.2d 318 (1982). As this court pointed out in *Kimmons* v. *Kimmons,* 1 Ark. App. 63, 613 S.W.2d 110 (1981):

> While chancery courts possess a continuing power over the matter of custody of a child which has been awarded to one of the parents, it does not follow that an order changing the status can be made without proof showing a change in the circumstances from those which

existed at the time the original order was made. The original decree constituted a final adjudication that appellant, and not appellee, was the proper one to have the child, and before an order can be made changing the status there must be proof on the subject justifying the change.

*Id.* at 65, 613 S.W.2d at 112 (quoting *Weatherton* v. *Taylor,* 124 Ark. 579, 187 S.W.2d 450 [1916]).

At trial, appellant showed her situation has changed in two respects since custody of Jason was awarded appellee: (1) She now is employed, and (2) she presently lives in a two-bedroom house rather than an apartment she shared with others at the time appellee divorced her. From the evidence, the only clear change in appellee's circumstances is that he recently lost his job. He and Jason live with appellee's sister and her ex-husband in a two-bedroom trailer. The sister cares for Jason when he comes home from elementary school and during the time appellee works. Jason's kindergarten reports reflect that he is making good progress in school, and there is no indication that his basic needs are not being met. As we noted in *Malone* v. *Malone, supra,* we are aware of no cases in which custody was changed merely because one parent had more resources or income than the other. Based on the minimal proof offered by appellant, we are unable to say that the changes in the parties' circumstances are sufficient to warrant or dictate a change in custody. Certainly, we cannot conclude the trial judge was clearly wrong in so holding.

In conclusion, we acknowledge appellant's reference to testimony reflecting that appellee and his sister smoke marijuana. Appellant denied that he presently uses marijuana but admitted using it in the past. Apparently, the appellant did not convince the chancellor that she offered any better custodial care situation than that being presently administered by the appellee. In fact, the chancellor voiced his concern about "bouncing" a child from one environment to another when one environment has not been shown to be basically any worse than the other.

At the conclusion of the trial, the judge admonished the parties that they should not permit their child to be subjected to their use of marijuana in his presence. The chancellor has the right to retain control of this case, and he is in a superior position to ensure that Jason's welfare and best interests are protected. To this effect, *see Phifer* v. *Phifer,* 198 Ark. 567, 129 S.W.2d 939 (1939). Thus, if the parties fail to heed the chancellor's admonitions, he may choose to take more drastic steps to ensure Jason is provided a proper custodial environment.

Affirmed.

CRACRAFT and CLONINGER, JJ., agree.