Ronnie Dale BAILEY *v.* Debra Ann BAILEY

CA CR 84-7                                   677 S.W.2d 874

Court of Appeals of Arkansas
Division II
Opinion delivered October 24, 1984

*Hurst Law Offices,* by: *Richard McMillan,* for appellant.

*Janice Williams Wheeler,* for appellee.

TOM GLAZE, Judge. This appeal is from a chancellor's denial of appellant's petition to change custody of the parties' minor children. Appellant's only point for reversal is that the chancellor abused his discretion in denying the petition. Appellant contends that because the appellee mother has herpes genitalis, a change of circumstances has occurred virtually mandating a change in custody. We disagree and affirm the chancellor's decision.

Appellant Ronnie Bailey and appellee Debra Ann

Bailey were divorced in July of 1979, and custody of the parties' two children was awarded to the appellee mother, with reasonable visitation rights awarded the appellant father. In his petition to change custody, the appellant alleged that appellee had remarried, that her actions indicated emotional instability and that because she had been ill, she "may well be unable to care for the children, both from a physical and emotional perspective."

At the hearing, Debra Bailey (now Nichols) testified that her doctor discovered that she had herpes in May of 1983, when she went into the hospital for another reason and a culture was run that was positive for herpes. Debra testified that she did not know how, when or where she contracted herpes but that doctors told her it could be dormant for as long as fifteen years without being active. She stated that as far as she knows, she could have contracted it from appellant.

Appellee's doctor, Hayes G. Jackson, testified by deposition that in May of 1983, he was treating appellee for acute cervicitis, a bacterial infection, when he got a positive culture for herpes. Dr. Jackson testified that herpes is a viral infection, transmitted practically altogether by sexual intercourse, and that it would be "practically unheard of" to transmit it to other people without sexual activity. He said it was possible, but highly unlikely, to get herpes from bedding or an open lesion. He stated that he knew of "no medical reason why a reasonably careful person could not have children in . . . [his or her] home if they had herpes." He said that he does not describe herpes as a highly contagious disease.

Appellant contends in his brief that appellee is infected with a contagious, viral infection which could be transmitted to the parties' children, and that the chancellor's decision to leave custody with the mother was an abuse of discretion. Appellant contends "it is common knowledge that a mother, in caring for her children, is necessarily intimate with them physically to some extent," and that "the one person who should not have a contagious viral infection is the primary care provider for minor children."

The welfare of the child is the polestar in every child custody case. *Hickey* v. *Hickey*, 9 Ark. App. 281, 658 S.W. 2d 411 (1983). The same standard applies to a change in custody. *Sweat* v. *Sweat*, 9 Ark. App. 326, 659 S.W.2d 516 (1983). A decree with respect to the custody of a child is subject to modification in light of circumstances that have changed since rendition of the original decree. *Van Winkle* v. *Van Winkle*, 7 Ark. App. 53, 644 S.W.2d 311 (1982). The party seeking a change in custody has the burden of showing such changed conditions as would justify a modification. *Id.*

In the instant case, the chancellor found that the mere fact of a possible infection primarily transmitted by sexual activities did not have that much significance as far as the children are concerned, and we agree. Based upon the testimony of the parties and the medical testimony of appellee's doctor, we cannot see that he was clearly erroneous in denying appellant's petition for a change of custody under these circumstances.

Affirmed.

CRACRAFT, C.J., and CLONINGER, J., agree.