Pamela FITZPATRICK *v.* John R. FITZPATRICK

CA 89-128                                   776 S.W.2d 836

Court of Appeals of Arkansas
Division I
Opinion delivered September 27, 1989

*Tim R. Morris*, for appellant.

JAMES R. COOPER, Judge. The parties were divorced on November 20, 1986, and the appellee, John R. Fitzpatrick, was awarded custody of the parties' minor daughter. On February 1, 1988, the chancery court entered an order which reflected an agreement between the parties and provided for primary custody to remain with the appellee. However, the agreement provided that the appellant was to have six continuous months of visitation. On June 6, 1988, the appellant filed a petition requesting a change of custody. After a hearing, the chancellor found no material change in the circumstances and denied the appellant's petition. On appeal she argues that the chancellor erred in that finding. The appellee has not filed a brief in this case. We find no error and affirm.

When modifying custodial orders, the primary consideration is the best interest and welfare of the child and all other considerations are secondary. Custody awards are not made or changed to gratify the desires of either parent, or to reward or punish either one of them. In determining matters of child custody, a chancellor has broad discretion, which will not be disturbed unless manifestly abused. *Anderson* v. *Anderson*, 18 Ark. App. 284, 715 S.W.2d 218 (1976). While the chancery court retains continuing jurisdiction over the matter of child custody which has been awarded to one of the parties in the original decree, it does not follow that changing that status should be

made without proof of a subsequent material change in circumstances affecting the welfare and best interest of the child. *Watts* v. *Watts*, 17 Ark. App. 253, 707 S.W.2d 777 (1986). The burden of proving such a change is on the party seeking the modification. *Id.*

It is well-settled that although this Court reviews chancery cases *de novo* on the record, the chancellor's findings will not be disturbed unless clearly against the preponderance of the evidence. *Thigpen* v. *Carpenter*, 21 Ark. App. 194, 730 S.W.2d 510 (1987). Since the question of the preponderance of the evidence turns largely upon the credibility of the witnesses, we defer to the superior position of the chancellor. *Id.* This deference to the chancellor is even greater in cases involving child custody. In those cases a heavier burden is placed on the chancellor to utilize to the fullest extent all of his powers of perception in evaluating the witnesses, their testimony, and the child's best interest. *Calhoun* v. *Calhoun*, 3 Ark. App. 270, 625 S.W.2d 545 (1981). We have often stated that we know of no cases in which the superior position, ability, and opportunity of the chancellor to observe the parties carry as great a weight as those involving child custody. *Id.*

The record reveals that the appellant alleged as changes in circumstances facts that the chancellor had no knowledge of when he entered the agreed modification on February 1, 1988. She alleged that the appellee had been convicted of criminal offenses; that the appellee had moved to Chicago and did not visit the child often during the six-month period she had the child with her; that the appellee and his new wife, Nancy, had violent quarrels; that Nancy did not have custody of her own child; and that Nancy had been abusing drugs. The chancellor, basing his decision on the credibility of the witnesses, found no material change in circumstances. We agree.

At trial, the appellee testified that he and Nancy had married in October of 1987 and that they had lived with his brother, Jack, in October and November 1987. He admitted that he had been arrested for shoplifting in December 1987, but he stated that he had paid the fines and costs levied by the Rogers Municipal Court. He also admitted that he had been tried for writing hot checks in February 1988, but the checks were written

before he was divorced from the appellant. He also had a speeding ticket in Springdale that remained unpaid. However, there was also evidence that some of the fines were unpaid.

The appellee stated that he did not visit with the child during the time she was with the appellant because he was working and trying to pay off the fines. He admitted that he did not send a card or gift to the child for her birthday but explained that he was planning to celebrate her birthday with her when she returned to Chicago. He denied that he had violent quarrels with Nancy and denied that he or Nancy abused drugs. He explained that Nancy's parents had custody of her child, but that he and Nancy had unlimited and unrestricted visitation rights and saw the child frequently.

Several witnesses testified that at various times they had observed Nancy using cocaine, and Nancy admitted that she had used cocaine in the past but she had not used it since January 1986. Other witnesses testified that Nancy did not use drugs.

The chancellor had the opportunity, which we do not have, to view the appellant, the appellee, and the witnesses testifying. Furthermore, as the chancellor stated at the close of the hearing, he was familiar with the parties because they had been before him several times. For a court to choose, in a custody case, between the mother and the father, the respective personalities of the parents is vital. It is in this realm that personal observation is of inestimable value. The experience of having had the parties before him on prior hearings afforded the chancellor opportunities to reach wise conclusions respecting the moral fiber of the parties. We are certainly justified in assuming that the chancellor's knowledge, which he gained from the prior proceedings, supports his conclusions with respect to custody. *Holt* v. *Taylor*, 242 Ark. 292, 413 S.W.2d 52 (1967). The chancellor noted in this case there was a "lot of conflicting testimony" and where the testimony is conflicting the issue of credibility is a matter which we must defer to the trial court's judgment. *Durham* v. *Durham*, 289 Ark. 3, 708 S.W.2d 618 (1986). On this record, we cannot say that the chancellor erred in finding that the appellant had not met her burden of proving the alleged material changes in circumstances.

Obviously, the chancellor had some concerns about the

child's home environment because he restrained the parties from the excessive use of alcohol and from the use of any illegal drugs in the child's presence; enjoined the parties from making derogatory remarks about each other; ordered that "no other person's other than family members are to be in the family home with the minor child"; and ordered the appellee to keep the appellant advised of the child's activities, including church, school, and medical needs. The chancellor has the right to retain control of this case, and he is in a superior position to ensure that the child's welfare and best interests are protected. *Sweat* v. *Sweat*, 9 Ark. App. 326, 659 S.W.2d 516 (1983). Thus, if the parties fail to heed the chancellor's protective orders, he may choose a more drastic step to ensure that the child is provided a proper custodial environment. *Id.*

Affirmed.

CRACRAFT and ROGERS, JJ., agree.