Denise M. BITZER (Faucher) *v.* Lon BITZER

CA 98-648                                        986 S.W.2d 122

Court of Appeals of Arkansas
Division IV
Opinion delivered February 24, 1999

*Robert A. Newcomb*, for appellant Denise Faucher.

*Dara A. Hall*, for appellant Pulaski County Child Support Enforcement Unit.

*Douglas W. Bonner, Jr.*, for appellee.

TERRY CRABTREE, Judge. This is an appeal from the Pulaski County Chancery Court concerning the maximum percentage of income that can be withheld for child support. The trial court held that under the Federal Consumer Protection Act, 15 U.S.C. § 1672, the limit in this case was fifty-five percent. The appellant contends the limit should be sixty-five percent. The issue before this court is the definition of "supporting his spouse," as used in 15 U.S.C. § 1673(b)(2). We affirm.

■ Chancery decisions are reviewed *de novo* and are reversed only if we find that the chancellor's findings are clearly against the preponderance of the evidence. *Fitzpatrick v. Fitzpatrick*, 29 Ark. App. 38, 776 S.W. 2d 836 (1989).

The trial court did not err or abuse its discretion by finding that appellee Lon G. Bitzer is supporting his spouse within the meaning of 15 U.S.C. § 1673(b)(2)(A). 15 U.S.C. § 1673 is a maximum-allowable-garnishment statute limiting the amount of a person's income that can be garnished. It states in pertinent part:

> (a) Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed:

> > (1) 25 per centum of his disposable earnings for that week, or

> > (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of title 29 in effect at the time the earnings are payable, whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

> (b) Exceptions

> > (2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed —

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week; except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

■ ■ The term "supporting his spouse" has been purposely left undefined by Congress to permit state courts to define it on a case-by-case basis. In this case, the appellee's spouse earns approximately $3100 a month while the appellee earns approximately $4000 a month. Appellee's spouse holds the title to the parties' home, upon which there is a mortgage payment of $1400 per month. The appellee is obligated on the mortgage. The appellee's spouse owns two vehicles, one of which the appellee drives, and the total monthly payment on the vehicles is $900. The chancellor found the appellee's spouse's testimony incredible regarding the fact that she made the vehicle payments and all of the house payment as well as other expenses. In reviewing a chancery court's findings of fact, we give due deference to the chancellor's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). The chancellor in this case found that while the appellee pays $250 on his second mortgage of the home in which he and the appellant previously resided, and a Haverty's bill from that marriage, and pays disability insurance, the remainder of his income is available for the expenses of his household with his current spouse. The appellee had the larger income of the two and his spouse was supporting a

child from a previous marriage, which were factors the chancellor used in making the determination that the appellee supported his spouse. Under our standard of review, we find no error.

Affirmed.

NEAL and GRIFFEN, JJ., agree.