Cite as 2019 Ark. App. 390

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CV-19-18

| | | |
|---|---|---|
| JOSHUA MAYLAND | | **Opinion Delivered:** September 18, 2019 |
| | APPELLANT | |
| | | APPEAL FROM THE RANDOLPH COUNTY CIRCUIT COURT [NO. 61DR-18-11] |
| V. | | |
| | | HONORABLE TIMOTHY F. WATSON, JUDGE |
| KAYLA MAYLAND | | |
| | APPELLEE | REVERSED AND DISMISSED WITHOUT PREJUDICE |

## PHILLIP T. WHITEAKER, Judge

Appellant Joshua Mayland appeals a divorce decree entered by the Randolph County Circuit Court granting an absolute divorce to appellee Kayla Mayland on the ground of general indignities. Joshua argues that the circuit court erred in three respects: (1) granting Kayla's counterclaim for divorce because the grounds for divorce were not corroborated; (2) refusing to allow Joshua to call witnesses as a discovery sanction; and (3) placing primary custody of the couple's child, M.M., with Kayla. We find merit in Joshua's first argument on appeal.

We conduct a de novo review in appeals from decrees of divorce. *Rocconi v. Rocconi*, 88 Ark. App. 175, 196 S.W.3d 499 (2004). Under our standard of review, this court will not reverse the circuit court's findings unless they are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on

the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id*.

Joshua and Kayla married in November 2015. They are the parents of one child, M.M., born in April 2017. Joshua was the first to seek marital dissolution, filing a complaint for divorce that alleged general indignities as grounds and sought custody of M.M. Kayla answered Joshua's complaint and also counterclaimed for divorce on the ground of general indignities; she urged that custody of M.M. be placed with her. The circuit court held a hearing on the complaint and the counterclaim and subsequently entered an order finding that Kayla was entitled to an absolute divorce from Joshua on the ground of general indignities. The court awarded Kayla custody of M.M. and granted Joshua visitation.[1]

In his first point on appeal, Joshua argues that the circuit court erred in granting Kayla's counterclaim for divorce because she failed to corroborate her statutory grounds. Given the facts before the circuit court and the law of our state, we agree.

Kayla sought a divorce on the ground of general indignities.[2] To prevail on this ground, Kayla had to prove that Joshua offered such indignities to her as to render her condition in life intolerable. Ark. Code Ann. § 9-12-301(b)(3)(C) (Repl. 2015). We have held that mere uncongeniality and quarrelsomeness, without more, are not sufficient to sustain a charge of indignities. *Lundy v. Lundy*, 2014 Ark. App. 573, 445 S.W.3d 518. On

---

[1]The court's decree further divided the marital property and debts, none of which are at issue in this appeal.

[2]We recognize that Joshua also first sought marital dissolution on the ground of general indignities. The court granted a dissolution, a remedy that he sought, but one from which he now appeals.

the other hand, we have recognized that personal indignities may consist of "rudeness, unmerited reproach, contempt, studied neglect, open insult and other plain manifestations of settled hate, alienation or estrangement so habitually, continuously and permanently pursued as to create that intolerable condition contemplated by the statute." *Pomraning v. Pomraning*, 13 Ark. App. 258, 260, 682 S.W.2d 775, 776 (1985) (citing *Copeland v. Copeland*, 2 Ark. App. 55, 616 S.W.2d 773 (1981)).

Under Arkansas law, not only did Kayla have to prove entitlement to dissolution on the ground of general indignities, but she also had to corroborate her grounds. Our supreme court has spoken on this subject. In *Olson v. Olson*, 2014 Ark. 537, 453 S.W.3d 128, the supreme court held that divorce is a creature of statute and can be granted only when statutory grounds have been proved and corroborated. In *Coker v. Coker*, 2012 Ark. 383, 423 S.W.3d 599, the supreme court held that evidence of the grounds for divorce must be corroborated but that the evidence of corroboration need only be slight when a divorce case is sharply contested, and it is not necessary that the testimony of the complaining spouse be corroborated on every element or essential fact. We have held, however, that testimony by the plaintiff and corroborating witnesses that is merely general or conclusory in nature is not sufficient. *Lundy*, *supra*. In addition, both our supreme court's opinions and our statutory law recognize only one exception to corroboration in contested matters: a waiver of corroboration. *Id.*; Ark. Code Ann. § 9-12-306 (Repl. 2015).

In the instant case, Kayla failed to offer a waiver of corroboration from Joshua; therefore, she was required to present corroborating evidence of her grounds for the circuit court to grant her counterclaim for divorce. Apart from her own testimony concerning the

personal indignities perpetrated by Joshua, however, Kayla did not present any other witnesses or evidence.

Joshua contends that Kayla's failure to call a corroborating witness is fatal to her cause of action and that her evidence of corroboration was entirely lacking. Kayla takes two positions in response to Joshua's argument: first, it is not preserved for appeal because he failed to raise it before the circuit court; second, she did not have to call an independent witness to corroborate her grounds.

As to Kayla's preservation position, the appellate courts have repeatedly considered the sufficiency of a party's evidence of corroboration even when the issue was not raised below. In *Oates v. Oates*, 340 Ark. 431, 10 S.W.3d 861 (2000), the supreme court wrote as follows:

> [Wife's] arguments suggest that [husband] had some obligation to object to her having failed to prove corroboration at trial, and that, if he had done so, [wife] would have offered additional testimony. Our law is long settled that in a non-jury trial, a party who does not challenge the sufficiency of evidence does not waive the right to do so on appeal. *Harpole v. Harpole*, 10 Ark. App. 298, 664 S.W.2d 480 (1984); *see also Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995); *Bass v. Koller*, 276 Ark. 93, 632 S.W.2d 410 (1982); Ark. R. Civ. P. 50(e). As was the disposition in *Harpole*, we reverse and dismiss this case without prejudice.

340 Ark. at 435, 10 S.W.3d at 864. In *Dee v. Dee*, 99 Ark. App. 159, 258 S.W.3d 405 (2007), the husband failed to object to the sufficiency of proof of grounds at trial; nevertheless, on appeal, he argued, and this court agreed, that the wife "was required to offer sufficient, non-conclusory proof of grounds, and she failed to do so." 99 Ark. App. at 162, 258 S.W.3d at 407. The court therefore reversed the divorce decree for failure of proof of grounds. *Id.* Consequently, we find Joshua's argument to be preserved for our review.

4

We now address Kayla's independent-witness position. At trial, she testified that the main reason she sought a divorce from Joshua was emotional abuse. She explained that he was very controlling; he did not like for her to see her family; he did not like for her to go to Wal-Mart without him; he accused her of seeing someone else, which was not true; and he would follow her and look through her phone. Kayla notes that Joshua testified about an incident when he took M.M. to his parents' house and refused to tell Kayla where the baby was or to return the baby. She contends that Joshua's own testimony was consistent with the controlling behavior that she cited as grounds for divorce and thus was sufficient corroboration.

We cannot agree with Kayla's assessment of the corroborating evidence. This court has held that "[a] petition for divorce will not be granted on the testimony of the complainant alone; *even if the defendant admits the allegations*, the testimony or admission must be corroborated by other evidence to establish the truth of the assertion." *Lundy*, 2014 Ark. App. 573, at 3, 445 S.W.3d at 520 (emphasis added). This court further explained in *Calhoun v. Calhoun*, 3 Ark. App. 270, 272, 625 S.W.2d 545, 546 (1981), as follows:

> The rule of this state, long established and uniformly adhered to in our decisions is that while both parties are competent to testify in a divorce action, in order to justify the granting of a divorce *the testimony of the complaining spouse must be corroborated by some witness other than the parties to the action. That corroboration may not be supplied by the defending spouse* as divorces are not granted upon the uncorroborated testimony of the parties or their admissions of the truth of the matters alleged.

(Emphasis added.) Here, Kayla failed to offer evidence to corroborate her allegations of general indignities, and according to our caselaw, Joshua's testimony was insufficient to supply the missing corroboration. The circuit court therefore erred in granting Kayla's counterclaim for divorce.

Because we reverse the decree of divorce for want of corroborating evidence of grounds, we do not reach the remaining issues presented in Joshua's brief on appeal.

Reversed and dismissed without prejudice.

ABRAMSON and GLADWIN, JJ., agree.

*Owens, Mixon & Heller, P.A.*, by: *Haley Smith* and *W. Lance Owens*, for appellant.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Kenneth P. "Casey" Castleberry*; and *Grider Law Firm, PLC*, by: *M. Joseph Grider*, for appellee.