## Edith H. MORROW *v.* Robert O. MORROW

CA 80-200             603 S.W. 2d 431

Court of Appeals of Arkansas
Opinion delivered August 27, 1980

*Hardin, Jesson & Dawson*, for appellant.

*Nathan Gordon*, for appellee.

ERNIE E. WRIGHT, Chief Judge. Mrs. Morrow appeals from a decree of the chancery court granting a divorce to her husband, the appellee.

The appellee filed complaint for divorce on the grounds of general indignities and appellant filed an answer denying plaintiff had grounds for divorce and also filed a counter-claim seeking separate maintenance, child support and other relief.

At trial appellee gave testimony tending to show appellant had treated him with indignities. He offered no evidence corroborating his testimony. At close of appellee's case appellant moved for dismissal of the complaint on the ground appellee had failed to prove any ground for divorce. The court deferred ruling on the motion, and appellant

presented evidence tending to rebut appellee's testimony as to grounds for divorce. She called no other witness and appellee presented no further evidence as to grounds for divorce. After the close of evidence the court granted appellee a divorce, awarded custody of the two minor children to appellant, awarded her possession of a car and possession of the household furnishings and home, ordered appellee to make child support and home mortgage payments. The decree awarded other incidental relief.

For reversal appellant contends the court erred in granting appellee an absolute divorce absent corroborating evidence of any ground for divorce. We agree.

The law has long been settled that divorce shall not be granted upon the uncorroborated testimony of a party to the suit except in an uncontested case. Ark. Stat.Ann. § 34-1207 (Repl.), eliminates the requirement of corroboration of ground in uncontested cases.

The Arkansas Supreme Court has consistently adhered to the rule announced in *Rie* v. *Rie*, 34 Ark. 37 (1879) that a divorce will not be granted unless the grounds are corroborated by evidence other than the testimony of the parties. The rule was modified in 1969 by the enactment of § 34-1207 which eliminates the requirement of corroboration in uncontested divorce cases. It is significant the legislature did not see fit to make the 1969 amendment applicable to the establishment of grounds in contested cases, but specifically limited the application to uncontested cases. As recently as *Dunn* v. *Dunn*, 255 Ark. 764, 503 SW 2d 168 (1973) and *McNew* v. *McNew*, 262 Ark. 567, 559 SW 2d 155 (1977) the court reiterated the requirement of corroboration of grounds for divorce.

We find no merit in appellee's contention that appellant's point for reversal for lack of corroboration of grounds cannot be considered on appeal because the issue was not raised at trial. Appellee cites Rule 46, ARCP. The rule delineates certain responsibilities of a party to object to actions of the court but is specifically limited in application to purposes for which an exception has heretofore been

necessary. It is identical to superceded Ark. Stat. Ann. § 27-1762 (Repl. 1962), and introduced no change in practice and procedure. Traditionally appeals from the chancery court are reviewed de novo and there is no requirement of objections to the findings, conclusions and decree of the court to obtain review on appeal.

To adopt the argument of appellee that the finding and decree granting appellee a divorce is not subject to review on appeal for failure to make objections below, would permit parties seeking a divorce to circumvent the rule requiring corroboration of grounds by the simple device of failing to object to the trial court's finding that ground was established.

The pulic has an interest in a divorce proceeding, and the parties can waive no essential requirement. *Widders* v. *Widders*, 207 Ark. 596, 182 SW 2d 209 (1944).

Secondly, appellant contends the trial court erred in the decree with reference to her property rights in the event of sale of the home and in denying her an interest in appellee's retirement benefits.

Since the decree as to divorce must be reversed, the portions of the decree relating to sale of the home and making a determination of appellant's claim to an interest in appellee's retirement benefits as an employee of the University of Central Arkansas is also reversed. Such property rights can properly be dealt with should either party later obtain a divorce.

Appellant contends the court erred in failing to award adequate child support and in failing to award her alimony.

Appellant is employed as a public school teacher and appellee is a college dean. His income is much larger than appellant's. The decree rquires appellee to pay $80.50 weekly child support for the two minor children, pay the mortgage payments in the sum of $245.00 monthly on the home occupied by appellant and minor children, continue hospital insurance for the children, pay the substantial family debts and pay the higher education expenses of two of the children in

college. From the record as a whole we cannot say the award is insufficient other than the decree should be modified to require appellee to carry hospital insurance upon appellant, as well as the children, and to pay the dues for the country club membership which the family was accustomed to enjoy.

The costs of this appeal are assessed against appellee and appellant is awarded an attorney fee to be paid by appellee in the sum of $1000.00 for legal services in this appeal.

Affirmed in part, as modified, and reversed in part.

NEWBERN, J., dissents.

DAVID NEWBERN, Judge, dissenting. Prior to 1969, corroboration of grounds for divorce was required in all cases. In that year, the General Assembly enacted Ark. Stat. Ann., § 34-1207.1 (Supp. 1979), which does away with the need for corroboration of grounds in all but contested cases with the further exception of cases in which the ground is based upon proof of separation and continuity of separation without cohabitation. The statute left intact the requirement of corroboration with respect to testimony of residency for all divorce cases.

I agree with the majority opinion to the extent it says corroboration of grounds for divorce is required in contested cases. I disagree with the majority's apparent conclusion that the requirement cannot be waived by lack of objection at the trial level by the litigant who asserts lack of corroboration as a defect on appeal. The precise issue in this case is whether a party who has failed to make a specific objection to lack of corroboration may assert it on appeal. The majority has cited no Arkansas case which deals with that issue, and I know of none.

The majority says "there is no requirement of objection to the findings, conclusions and decree of the court to obtain review on appeal." Ark. Stat. Ann. § 27-2154 (Repl. 1979), provides "[a] judgment or final order shall not be reversed for an error which can be corrected on motion in the inferior

courts until such motion has been made there and overruled." Regardless of the conflict between this statute and the majority opinion, it is clear that the question before us is not whether an appellant must have objected to the judgment. It is, rather, whether she should have objected to a specific defect in the plaintiff's proof. As the majority notes, after the plaintiff's case in chief the appellant made a motion that the complaint be dismissed because the plaintiff had "not sustained the burden of proof being the grounds for divorce." Thus, we are not dealing here with failure to object to a judgment, rather, we are dealing with failure to make a specific objection to the failure of the plaintiff to comply with the corroboration requirement.

On numerous occasions, our supreme court has held it would not review on appeal a question arising from an error which the trial court had not been given an opportunity to correct. *See, e.g., Turkey Express, Inc.* v. *Skelton Motor Co.*, 246 Ark. 739, 439 S.W. 2d 923 (1967). Further, our supreme court has made it clear that a litigant must be sufficiently specific in apprising the trial court of his objection to permit the trial court to correct the error. *Arkansas State Highway Commission* v. *Newton et al*, 253 Ark. 903, 489 S.W. 2d 804 (1973). In the *Newton* case, which was a condemnation suit, the error alleged was the failure of the trial court to strike the testimony of an expert witness with respect to the after-condemnation value of land because he gave no fair and reasonable basis for his figures. On appeal the appellant pointed to deficiencies in the testimony of the expert having to do with his understanding of the amount of land to be taken and his lack of knowledge of change in the land planned by the condemnor. In affirming the decision, our supreme court said:

> The actual objection, that the witness had given no fair and reasonable basis for his valuation, did not bring to the trial court's attention either of the deficiencies now being urged. Had the omissions been pinpointed, the witness could have been examined further in the light of the true facts, which were readily available. It is not our practice to reverse the action of the trial court

when the error could have been easily remedied upon a proper objection.

Although it does not say so directly, the majority appears to attribute to the corroboration requirement a sacredness which I find unjustifiable. I agree that divorces may not be granted by default because the state has an interest in divorce proceedings. I think, however, that policy is satisfied by the requirement that there be testimony presented, at least by the complaining party, to establish the ground for divorce. Ark. Stat. Ann., § 34-1207 (Repl. 1962). Where the divorce is contested, and both parties are present and able to defend themselves, the corroboration requirement should be one which may be waived. In neither *Dunn* v. *Dunn*, 255 Ark. 764, 503 S.W. 2d 168 (1973), nor *McNew* v. *McNew*, 262 Ark. 567, 559 S.W. 2d 155 (1977), cited by the majority, does our supreme court mention whether lack of corroboration had become an issue below. Thus, as noted earlier these cases cannot be said to be precisely in point.

Lastly, the majority opinion suggests that if we were to permit waiver of the corroboration requirement, we "would permit parties seeking a divorce to circumvent the rule requiring corroboration of grounds by the simple device of failing to object to the trial court's finding that ground was established." To observe the fallacy of that argument one need only consider that the corroboration of grounds requirement may be circumvented by simple failure to contest in a case such as the one before us. I suggest that if the sanctity of the corroboration requirement were as the majority proposes, the General Assembly would not have done away with it for most uncontested divorce cases.

For these reasons, I respectfully dissent.