Arthur RUSSELL *v.* Helen RUSSELL

CA 85-349                                        717 S.W.2d 820

Court of Appeals of Arkansas
Division I
Opinion delivered October 22, 1986

120

*Wooten, Glover, Sanders, Slagle, Parkerson & Hargraves, P.A.*, by: *Richard L. Slagle*, for appellant.

*Callahan, Crow, Bachelor, Lax & Newell, P.A.*, by: *C. Burt Newell* and *George M. Callahan*, for appellee.

LAWSON CLONINGER, Judge. This is a divorce case in which the appellee was granted a divorce from the appellant. Appellant alleges four points for reversal: insufficient proof of grounds for divorce; inadequate corroboration of those grounds; error in awarding judgment for temporary alimony; and that the award of alimony was improper or, in any event, excessive. The question we will resolve on this appeal is whether the appellee's grounds for divorce were sufficiently corroborated. We agree with appellant's contention that appellee's grounds were inadequately corroborated and reverse on that point.

We review chancery cases *de novo* on the record and do not reverse a decree unless the chancellor's findings are clearly

erroneous or clearly against a preponderance of the evidence. *Andres v. Andres*, 1 Ark. App. 75, 613 S.W.2d 404 (1981); ARCP Rule 52(a).

Divorce is a creature of statute and can only be granted when statutory grounds have been proved and corroborated. *Copeland v. Copeland*, 2 Ark. App. 55, 616 S.W.2d 773 (1981); Ark. Stat. Ann. Section 34-1202 (Supp. 1979). "In order to obtain a divorce based upon indignities, the plaintiff must show a habitual, continuous, permanent and plain manifestation of settled hate, alienation, and estrangement on the part of one spouse, sufficient to render the condition of the other intolerable." *Anderson v. Anderson*, 269 Ark. 751, 753, 600 S.W.2d 438, 440 (Ark. App. 1980).

In a contested divorce case, the required corroboration of grounds for divorce may be slight. *Hilburn v. Hilburn*, 287 Ark. 50, 696 S.W.2d 718 (1985). This court has defined corroboration as testimony of some substantial fact or circumstance independent of the statement of a witness which leads an impartial and reasonable mind to believe that the material testimony of that witness is true. *Anderson, supra.* "It is not necessary that the testimony of the complaining spouse be corroborated on every element or essential in a divorce suit." *Sowards v. Sowards*, 243 Ark. 821, 825, 422 S.W.2d 693, 696 (1968). Corroboration is required in order to prevent the parties from obtaining a divorce by collusion, and where there is no evidence of collusion, the corroboration may be comparatively slight. *Anderson, supra.*

In *Harpole v. Harpole*, 10 Ark. App. 298, 664 S.W.2d 480 (1984), this court quoted with approval the early Supreme Court case of *Bell v. Bell*, 105 Ark. 194, 195-96, 150 S.W. 1031, 1032 (1912):

> It is for the court to determine whether or not the alleged offending spouse has been guilty of acts or conduct amounting to rudeness, contempt, studied neglect or open insult, and whether such conduct and acts have been pursued so habitually and to such an extent as to render the condition of the complaining party so intolerable as to justify the annulment of the marriage bonds. *This determination must be based upon facts testified to by wit-*

*nesses, and not upon beliefs or conclusions of the witnesses. It is essential, therefore, that proof should be made of specific acts and language showing the rudeness, contempt and indignities complained of. General statements of witnesses that defendant was rude or contemptuous toward the plaintiff are not alone sufficient. The witness must state facts — that is, specific acts and conduct from which he arrives at the belief or conclusion which he states in general terms — so that the court may be able to determine whether those acts and such conduct are of such a nature as to justify the conclusion or belief reached by the witness.* The facts, if testified to, might show only an exhibition of temper or of irritability probably provoked or of short duration. The mere want of congeniality and the consequent quarrels resulting therefrom are not sufficient to constitute that cruelty or those indignities which under our statute will justify a divorce.

10 Ark. App. at 302-303 (emphasis in original). *See also Hair* v. *Hair,* 272 Ark. 80, 613 S.W.2d 376 (1981); *Welch* v. *Welch,* 254 Ark. 84, 491 S.W.2d 598 (1973).

■ With these considerations in mind, our review of the evidence reveals that there was not sufficient corroboration of appellee's grounds for divorce to entitle her to a divorce from appellant. Without reaching the merits of appellee's testimony as to grounds, we observe that the only possible corroborating evidence of any of appellee's grounds was the testimony of her sister, Glenna Bradley, who could not testify from any personal knowledge or observations to specific acts or language. Appellee's sister testified that she did not believe that she had seen anyone live quite like appellant and appellee lived with the assets they had available and that she would not live that way herself. The only substantive testimony was that the appellee had been unhappy and depressed but was a "much happier person" since the separation of the parties. Although it is obvious that there was no collusion between the parties to this action, the testimony of Ms. Bradley was not sufficient in light of the authorities cited above. The decision of the chancellor in this regard is clearly erroneous, and we reverse.

Since we reverse the decree of divorce because of insufficient

corroboration of grounds, we do not reach the remaining issues concerning alimony.

Reversed and dismissed without prejudice.

COOPER and MAYFIELD, JJ., agree.