Raymond Henry RACHEL *v.* Christine S. RACHEL

CA 86-434                                    729 S.W.2d 16

Court of Appeals of Arkansas
Division I
Opinion delivered May 13, 1987
[Supplemental Opinion on Denial of Rehearing July 15, 1987.*]

* Mayfield, J., concurs; Cracraft, Cooper, and Jennings, JJ., dissent.

*Johnson & Harrod*, by: *William E. Johnson*, for appellant.

*Tarvin & Byrd*, by: *John R. Byrd*, for appellee.

DONALD L. CORBIN, Chief Judge. Appellant brings this appeal from a divorce decree entered by the Ashley County Chancery Court. He brings five points for reversal. First, appellant contends the chancery court lacked jurisdiction because residence of the appellee was not corroborated as required under Arkansas Statutes Annotated Section 34-1208 (Repl. 1962); second, appellant claims that the chancellor erred in awarding appellee a divorce because there was not sufficient corroboration of her grounds for divorce; third, appellant contends appellee did not establish sufficient grounds to entitle her to a divorce; fourth, appellant contends the award of alimony by the chancellor was erroneous; finally, appellant claims the chancellor abused his discretion in awarding attorney's fees to appellee. We agree with appellant that appellee failed to corroborate her grounds for divorce. Accordingly, appellee's cause of action must fail, and we reverse and dismiss.

Appellee brought this action for divorce against appellant, who answered and counterclaimed. Shortly before trial, the parties entered into a stipulation agreement reciting that only four major areas of disagreement remained between them for resolution by the court, and appellant withdrew his counterclaim. At the beginning of the trial, the chancellor stated that he understood appellant was waiving the requirement of corroboration of grounds and requested that any decree which might eventually be entered take care of the written waiver required by Arkansas Statutes Annotated Section 34-1207.1 (Supp. 1985).

Nevertheless, appellant never executed a writing waiving grounds for divorce, and appellee offered no corroboration of grounds at trial.

Section 34-1207.1 provides in pertinent part as follows: "[h]ereafter in uncontested divorce suits corroboration of plaintiff's ground or grounds for divorce shall not be necessary nor required. In contested suits corroboration of the injured party's grounds may be expressly waived in writing by the other spouse." The statute is clear and unambiguous: a party seeking a divorce must prove and corroborate grounds unless the other party to the divorce action *expressly* waives corroboration *in writing.*

"Divorce is a creature of statute and can only be granted when statutory grounds have been proved and corroborated." *Russell v. Russell,* 19 Ark. App. 119, 121, 717 S.W.2d 820 (1986); *Harpole v. Harpole,* 10 Ark. App. 298, 664 S.W.2d 480 (1984); *Copeland v. Copeland,* 2 Ark. App. 55, 616 S.W.2d 773 (1981). However, "[i]n a contested divorce case, the required corroboration of grounds for divorce may be slight." *Russell, supra,* at 121; *Hilburn v. Hilburn,* 287 Ark. 50, 696 S.W.2d 718 (1985). "This court has defined corroboration as testimony of some substantial fact or circumstance independent of the statement of a witness which leads an impartial and reasonable mind to believe that the material testimony of that witness is true." *Russell, supra,* at 121; *Anderson v. Anderson,* 269 Ark. 751, 600 S.W.2d 438 (Ark. App. 1980). We review chancery cases *de novo* on appeal, and findings of the chancellor will not be reversed unless clearly erroneous or clearly against a preponderance of the evidence. *Andres v. Andres,* 1 Ark. App. 75, 613 S.W.2d 404 (1981); ARCP Rule 52(a).

The record reflects that appellee testified to facts which, if believed, might entitle her to divorce. However, upon review of the record in this case, we cannot find one scintilla of evidence tending to even slightly corroborate any of appellee's grounds for divorce. Nor can we find any express written waiver by appellant of the requirement that appellee corroborate her grounds, regardless of any understandings verbalized by the parties prior to trial of this case. Accordingly, the decision of the chancellor was clearly erroneous, and we reverse and dismiss on appellant's Point

II. Since appellee's cause of action must fail for lack of corroboration of her grounds for divorce, we need not address appellant's remaining points for reversal.

Reversed and dismissed.

MAYFIELD and COULSON, JJ., agree.

Supplemental Opinion on Denial of Rehearing
July 15, 1987

733 S.W.2d 743

DONALD L. CORBIN, Chief Justice. Both appellant, Raymond Henry Rachel, and appellee, Christine S. Rachel, have filed petitions for rehearing.

Appellee has filed a petition for rehearing contending there was substantial compliance with Arkansas Statutes Annotated § 34-1207.1 (Supp. 1985) requiring written waiver of corroboration of grounds and secondly, that appellant is precluded from relief on appeal under the doctrines of invited error and estoppel.

Appellant also filed a petition for rehearing contending the case should be reversed and remanded for the sole purpose of recovery and restitution of property taken and sums paid under the erroneous decree. We deny the petitions for rehearing but desire to elucidate the issues.

Law regarding the formation and dissolution of marriage is clearly defined in historical precedent. In *Maynard* v. *Hill*, 125 U.S. 190 (1888), the Supreme Court said: "Marriage, as creating the most important relation in life, as having more to do with the morals and civilization of a people than any other institution, has always been subject to the control of the legislature." The New York Court of Appeals, in *Fearon* v. *Treanor*, 272 N.Y. 268, 5 N.E.2d 815 (1936), made a similar statement: "Marriage is more than a personal relation between a man and woman. It is a status founded on contract and established by law. It constitutes an institution involving the highest interests of society. It is regu-

lated and controlled by law based on principles of public policy affecting the welfare of the people of the state." More recently the United States Supreme Court has said in *Boddie* v. *Connecticut*, 401 U.S. 371, 376 (1971):

> As this Court on more than one occasion has recognized, marriage involves interests of basic importance in our society. . . . It is not surprising, then, that the States have seen fit to oversee many aspects of that institution. Without a prior judicial imprimatur, individuals may freely enter into and rescind commercial contracts, for example, but we are unaware of any jurisdiction where private citizens may covenant for or dissolve marriages without state approval.

Arkansas has historically followed the rationale behind the above cases as evidenced by statute and case law. "A divorce proceeding is one in which the public is interested. The parties can waive nothing essential to the validity of the proceeding, and all statutory requirements must be observed." *Widders* v. *Widders*, 207 Ark. 596, 182 S.W.2d 209 (1944).

"Divorce is a creature of statute and can only be granted when statutory grounds have been proved and corroborated." *Russell* v. *Russell*, 19 Ark. App. 119, 717 S.W.2d 820 (1986). "This court has defined corroboration as testimony of some substantial fact or circumstance independent of the statement of a witness which leads an impartial and reasonable mind to believe that the material testimony of that witness is true." *Russell*, *supra*, at 121. The purpose of requiring corroboration is to prevent parties from obtaining a divorce by collusion. *Anderson* v. *Anderson*, 269 Ark. 751, 600 S.W.2d 438 (Ark. App. 1980).

In *Calhoun* v. *Calhoun*, 3 Ark. App. 270, 272, 625 S.W.2d 545 (1981), it was eloquently stated that in a contested divorce:

> The rule of this state, long established and uniformly adhered to in our decisions is that while both parties are competent to testify in a divorce action, in order to justify the granting of a divorce the testimony of the complaining spouse must be corroborated by some witness other than the parties to the action. That corroboration may not be supplied by the defending spouse as divorces are not granted upon the uncorroborated testimony of the parties

or their admissions of the truth of the matters alleged. [citations omitted].

In *Calhoun*, citing *Jackson* v. *Bob*, 18 Ark. 399 (1857), it was observed that in any ordinary adversary suit a complainant may obtain a decree upon the declarations or admissions of the defendant. *Calhoun* further quoted from *Jackson* this principle: "It is because of the interest which the public have in the marriage relation, that suits for divorce, in the respects above stated, are not governed by the rules of evidence applicable in ordinary suits." *Id.* at 272.

Act 267 of 1981 provides a spouse may waive in writing the necessity of corroborating the injured party's grounds even where suits are contested. Ark. Stat. Ann. § 34-1207.1. Regardless of whether a divorce is contested or uncontested, the injured party must always prove his or her ground(s) for divorce as set forth in Arkansas Statutes Annotated § 34-1202 (Supp. 1985). In other words, existing statutory law does not allow a spouse to stipulate to or waive grounds for divorce. *Harpole* v. *Harpole*, 10 Ark. App. 298, 664 S.W.2d 480 (1984).

Inasmuch as the law does not permit the offending spouse to corroborate the grounds of the complaining spouse, it certainly does not follow that the offending spouse may waive corroboration of grounds. Justice Fogleman stated as follows in *McNew* v. *McNew*, 262 Ark. 567, 559 S.W.2d 155 (1977):

> We have already indicated that we feel that the requirement of corroboration is still applicable and appropriate. We have so considered it in *Adams* in 1972, in *Welch* in 1973, and in *Dunn* in 1973. There is nothing that calls upon this court to engage in the judicial activism that would be required for our nullifying that requirement. The fact the legislature has not seen fit to abolish the rule is not sufficient, particularly in view of the fact that there has been legislative amendment of the divorce statutes at least 24 times, one of which was the amendment of the pertinent section, Ark. Stat. Ann. § 34-1207 (Supp. 1975), in 1969, to eliminate the requirement of corroboration on all except one ground for divorce, in uncontested cases. . . . It is best that changes in the divorce law be left to that branch of government which is the repository of all powers of

government not vested in the other two branches, and which is most representative of the people, the ultimate sovereign.

*Id.* at 572.

In the instant case, the chancellor stated that he understood appellant was waiving the requirement of corroboration of grounds and requested that the party drawing up the decree take care of the written waiver. A written waiver was never prepared or signed, nor did appellee incorporate the waiver into the decree as directed by the chancellor. Appellee negligently failed to prove her case by her failure to prepare a waiver for appellant's signature or to comply with the chancellor's direction to put the waiver in the decree. Arkansas law requires proof and corroboration of grounds unless there has been an effective waiver of corroboration. The effect of affirming the decree in the case at bar without an effective waiver as required by law would be to grant appellee a divorce without proof of grounds. This would be contrary to the very cornerstone of divorce law in Arkansas.

For over 100 years Arkansas law has required corroboration of grounds in a divorce action. *Dunn* v. *Dunn*, 255 Ark. 764, 503 S.W.2d 168 (1973); *Dunn* v. *Dunn*, 219 Ark. 724, 244 S.W.2d 133 (1951); *Owen* v. *Owen*, 208 Ark. 23, 184 S.W.2d 808 (1945); *Goodlett* v. *Goodlett*, 206 Ark. 1048, 178 S.W.2d 666 (1944); *Davis* v. *Davis*, 163 Ark. 263, 259 S.W.2d 751 (1924); *Sisk* v. *Sisk*, 99 Ark. 94, 136 S.W. 987 (1911); *Rie* v. *Rie*, 34 Ark. 37 (1879); *Jackson* v. *Bob*, 18 Ark. 399 (1857). Corroboration of grounds has been required since 1869, when Arkansas adopted the Kentucky Code. *See* Ky. Code, Divorce § 458 [codified in Gantt's Digest, Divorce § 2200 (1874)], *Harpole* v. *Harpole*, 10 Ark. App. 298, 664 S.W.2d 480 (1984).

The law regarding the necessity for corroboration has undergone several changes within the last twenty years. In 1969 the legislature carved one exception eliminating the necessity of corroborating grounds in uncontested divorce suits. *See* Ark. Stat. Ann. § 34-1207.1. Again in 1981, a change was made allowing for written waiver of corroboration in contested divorce actions if signed by the offending spouse. *Id.* The legislature saw fit to carve these narrow exceptions into divorce law in Arkansas. These modifications reflect its response to divorce actions in our

contemporary society. Historically, our courts have been reluctant to interfere with law as it is laid down by the legislative body of our government, and as evidenced through case law, courts have refrained from engaging in judicial activism in divorce law.

The *Morrow* v. *Morrow*, 270 Ark. 31, 603 S.W.2d 431 (Ark. App. 1980), opinion recognizes the long-standing rule that divorce is a creature of the legislature requiring strict adherence, and proof of grounds and corroboration thereof is jurisdictional:

> The law has long been settled that divorce shall not be granted upon the uncorroborated testimony of a party to the suit except in an uncontested case. Ark. Stat. Ann. § 34-1207 (Repl.), eliminates the requirement of corroboration of ground in uncontested cases.
>
> The Arkansas Supreme Court has consistently adhered to the rule announced in *Rie* v. *Rie*, 34 Ark. 37 (1879) that a divorce will not be granted unless the grounds are corroborated by evidence other than the testimony of the parties. The rule was modified in 1969 by the enactment of § 34-1207 which eliminates the requirement of corroboration in uncontested divorce cases. It is significant the legislature did not see fit to make the 1969 amendment applicable to the establishment of grounds in contested cases, but specifically limited the application to uncontested cases. As recently as *Dunn* v. *Dunn*, 255 Ark. 764, 503 S.W.2d 168 (1973) and *McNew* v. *McNew*, 262 Ark. 567, 559 S.W.2d 155 (1977) the court reiterated the requirement of corroboration of grounds for divorce.

*Id.* at 32.

We find no merit to appellee's contention that there was substantial compliance with Arkansas Statutes Annotated § 34-1207.1, and our decision to reverse on this point is reaffirmed.

Appellee also contends in her petition for rehearing that appellant is precluded from relief on appeal under the doctrines of invited error and estoppel. Under the invited error doctrine, the appellant may not complain on appeal of an erroneous action of the chancellor if he has induced, consented to or acquiesced in that action. *Briscoe* v. *Shoppers News, Inc.*, 10 Ark. App. 395, 664 S.W.2d 886 (1984). This doctrine is inapplicable in the

instant case because there was no erroneous action by the chancellor. The record reflects the chancellor properly followed the law by directing the party preparing the decree to reduce the waiver to a writing. Therefore, we find no merit to this contention in appellee's petition.

Appellee further argues appellant is estopped to challenge the validity of the decree because he accepted benefits thereunder. We are not persuaded by this argument, because this case involves a failure to substantially comply with a statute. Arkansas Statutes Annotated § 34-1207.1 is clear and unambiguous: a party seeking a divorce must prove and corroborate grounds unless the other spouse expressly waives corroboration *in writing*.

In her petition, appellee asserts that in the alternative this court should not have reversed and dismissed this action but remanded the case to the trial court for further disposition. In *Ferguson* v. *Green*, 266 Ark. 556, 565, 587 S.W.2d 18 (1979), the supreme court stated that "It has been the invariable practice of this court not to remand a case to a chancery court for further proceedings and proof where we can plainly see what the equities of the parties are, but rather to render such decree here as should have been rendered below." Under these circumstances we do not find it necessary to remand for further proceedings.

The petitions for rehearing are denied.

MAYFIELD, J., concurs.

CRACRAFT, COOPER, and JENNINGS, JJ., dissent.

MELVIN MAYFIELD, Judge, concurring. For reasons thought to be good and sufficient, this state has long required corroboration of the grounds for divorce. In recent years, the Arkansas legislature has modified that requirement. Ark. Stat. Ann. § 34-1207.1 (Supp. 1985) provides that corroboration may now be *waived in writing* in contested cases. It is unfortunate that the instant case proceeded to final decree without complying with the statute. However, the statute is easy to understand and easy to comply with. Given the history of the requirement for corroboration in Arkansas, I believe the courts should enforce the statute as enacted by the legislature.

I concur in the supplemental opinion denying rehearing in

this case.

GEORGE K. CRACRAFT, Judge, dissenting. I would grant the petition for rehearing and affirm the decree as entered. I fully agree that divorce is a creature of statute and that, prior to the enactment of Act 267 of 1981, divorce in contested cases could only be granted on proof of a statutory ground duly corroborated. That enactment retained the requirement of proof of statutory grounds but relaxed the requirement of corroborating testimony so that Ark. Stat. Ann. § 34-1207.1 (Repl. 1985) now reads as follows:

> Hereafter in uncontested divorce suits corroboration of plaintiff's ground or grounds for divorce shall not be necessary nor required. In contested suits corroboration of the injured party's ground may be expressly waived in writing by the other spouse.

No one questions that appellee adequately proved her ground for divorce. The issue on appeal was whether corroboration of her ground had been waived within the meaning of the statute. I conclude that it had.

At the commencement of the hearing, the chancellor stated in the record:

> Also, the Court has been advised by Mr. Draper [appellant's attorney] that [appellant] will waive corroboration of the grounds for absolute divorce by [appellee] in accordance with the statute. Since the Court feels that for safety's sake that waiver should be in writing, *we'll do it on the record here* then, and whoever prepares the decree from this proceeding will specifically put a provision *in the decree*, so that we will have a written waiver, so to speak. [Emphasis added.]

The record reflects that, at the time the court made that statement, appellant was present in person and by his then attorney. No protest or denial of the court's statement by anyone present is recorded. Both parties proceeded to trial on the theory that the appellant would prove a statutory ground for divorce, but that corroboration of that ground would not be required. The chancellor decided the issue on that same basis.

Although Ark. Stat. Ann. § 34-1207.1 (Supp. 1985) does provide that the waiver of corroboration may be in writing, the reasons advanced for holding that the waiver here was not effective are, in my opinion, a bit narrow and certainly inappropriate for a court of equity and good conscience. It is inconceivable to me that we should hold that a right which can be waived in writing cannot be waived as effectively by stipulation made in open court and dictated into the record by the chancellor himself. Oral stipulations made in open court which are taken down by the court reporter and acted on by the parties and the court are valid and binding, and it is not necessary that an agreed statement admitted by the parties to be true in open court be signed by the parties or their attorneys. *Linehan* v. *Linehan*, 8 Ark. App. 177, 649 S.W.2d 837 (1983). In 83 C.J.S. *Stipulations* § 4(b)(2) (1953), it is stated:

> Statutes and court rulings requiring stipulations to be in writing do not apply to stipulations made in open court or before a master, although it has been said to be the better practice to have them reduced to writing. . . . Stipulations made in open court have been very generally regarded as just as obligatory as though reduced to writing and executed with every legal formality. [Footnotes omitted.]

*See also* 73 Am. Jur. 2d *Stipulations* § 2 (1974).

In many instances, our courts have held that a good-faith, substantial compliance may satisfy statutory procedural requirements. To cite one example among many, Rule 3(e) of the Rules of the Arkansas Rules of Appellate Procedure requires that a notice of appeal "shall . . . contain a statement that the transcript, or specific portions thereof, have been ordered by the appellant." In *Wise* v. *Barron*, 280 Ark. 202, 655 S.W.2d 446 (1983), the notice of appeal did not contain that statement even though the record had in fact been ordered. The court held that there had been substantial compliance with the requirement and allowed the appeal to proceed. *See also Brady* v. *Alken, Inc.*, 273 Ark. 147, 617 S.W.2d 358 (1981), where substantial compliance was also held to satisfy the requirement of a written statement. Here, the record itself shows that the waiver was in fact made, albeit not carved in stone.

There is another compelling reason why I believe the

decision in this case is manifestly unjust. The appellant was present in court when the court recited the parties' stipulation and made no protest. He ought not now be heard to say that the waiver was invalid. It is obvious that neither the appellant nor the court would have proceeded to judgment on this basis without appellant's acquiescence in that procedure. Even if the action of the chancellor in recognizing an oral stipulation of the waiver was incorrect, it is well settled under the doctrine of invited error that one may not complain on appeal of an erroneous action of the chancellor if he has induced, consented to, or acquiesed in that action. *Missouri Pacific Railroad Co.* v. *Gilbert*, 206 Ark. 683, 178 S.W.2d 73 (1974); *Kansas City Southern Railway* v. *Burton*, 122 Ark. 297, 183 S.W. 189 (1916); *Briscoe* v. *Shoppers News, Inc.*, 10 Ark. App. 395, 664 S.W.2d 886 (1984); *J. I. Case Co.* v. *Seabaugh*, 10 Ark. App. 186, 662 S.W.2d 193 (1983).

The prevailing opinion finds the invited error rule inapplicable "because there was no erroneous action by the chancellor. The record reflects the chancellor properly followed the law by directing the party preparing the decree to reduce the waiver to a writing." In my opinion, those judges denying the rehearing could only have misread or misinterpreted the chancellor's statement in implying that he required counsel to supply a written waiver as a condition to his acceptance of it. The chancellor did *not* direct that the waiver be reduced to a writing. His statement as quoted here should speak for itself. He stated that the waiver was being made on the record and merely requested counsel to see that the precedent recited that the waiver had been made in open court. If counsel had done exactly what the court requested, there would have been no written waiver such as the prevailing opinion seems to require because the parties did not and would not have *signed* the decree.

The fact that the waiver was not subsequently alluded to in the decree as requested the court should not alter our result. If the stipulation in open court was in fact a waiver, the failure to subsequently comply with the court's initial directive is a matter to which the trial court might have directed its attention, but it certainly is not a basis for reversal on appeal. The ancient and honorable maxim that equity treats as done that which ought to have been done might lend some support to this proposition.

If, however, we must rule that the form rather than substance controls in this instance, the injustice is compounded by the court's order dismissing the case completely. It has long been a general rule that, where there has been a simple failure of proof, the case should be remanded in order to give the party an opportunity to supply the deficiency. This rule has been applied in both circuit and chancery cases. *Colonial Life & Accident Insurance Co. v. Whitley*, 10 Ark. App. 304, 664 S.W.2d 488 (1984); *Moore v. City of Blytheville*, 1 Ark. App. 35, 612 S.W.2d 327 (1981). Where an equity case has been heard on the evidence, or there has been a fair opportunity to present it, the appellate court is not usually required to remand the case solely to give either party an opportunity to produce other evidence. However, the court does have the power to remand any case in equity for further proceedings, including the hearing of additional testimony, where the parties have tried the case on an erroneous theory and the chancery court has decided the case on that theory. In such cases, the court on appeal may exercise its discretion to remand in order that the pertinent facts not fully developed may be ascertained. *Simmons First National Bank v. Wells*, 279 Ark. 204, 650 S.W.2d 236 (1983); *Brizzolara v. Powell*, 214 Ark. 870, 218 S.W.2d 728 (1949); *Moore v. City of Blytheville, supra.* Here, both parties tried the case on the theory that corroboration of grounds of divorce would not be required and had been waived. The chancellor decided the case on that assumption. For this reason, the appellee offered no corroborative proof that appellant's conduct had rendered her condition in life intolerable, which, if true, would certainly be susceptible of proof.

I do not argue that in cases where a party negligently fails to prove his case, this opportunity should be afforded. I am of the opinion, however, that, in those cases where the absence of proof is not due to neglect of the parties, but to misunderstandings, which are not only shared by opposing counsel but by the court as well, such a rule should be applied. I would grant the rehearing and affirm the decree as entered. In the alternative, I would remand the matter for further proof corroborative of appellee's grounds for divorce.

I am authorized to state that Judges Cooper and Jennings join in this dissent.

JOHN E. JENNINGS, Judge, dissenting. There can be no doubt that the result we reach in this case is manifestly unjust. If the law mandated the result we reach, we would have no choice. It doesn't and we do. This is not a difficult case. Its correct resolution requires only the application of well known and accepted principles of law.

Mr. and Mrs. Rachel were married for 30 years and have a grown daughter. Mr. Rachel left his wife in 1982, and lived with another woman for two years. Despite this, Mrs. Rachel took him back and tried to reconcile. He stayed home approximately five months and then began seeing another woman in Bastrop, Louisiana, sometimes for weeks at a time. Mrs. Rachel filed for divorce, alleging adultery.

It is clear that on the morning of trial, Mr. Rachel's lawyer advised the court in chambers that Mr. Rachel would waive corroboration of grounds in accordance with the statute. This was confirmed by the trial judge in open court with all parties present. The chancellor proceeded on this basis and awarded a divorce to Mrs. Rachel and made a division of the parties' property. He also awarded alimony and attorney's fees to Mrs. Rachel.

Because Mr. Rachel was dissatisfied with the amount of alimony and attorney's fees awarded, he did not file a separate written waiver of corroboration of grounds as he had assured the court he would do. Instead, Mr. Rachel took an appeal arguing that, while he orally waived corroboration of grounds, the statute requires that the waiver be in writing and therefore the chancellor erred in granting Mrs. Rachel the divorce.

In our original opinion in this case we agreed with Mr. Rachel and reversed and dismissed the divorce action, thus returning Mrs. Rachel to wedded bliss.

I agree with much of Judge Cracraft's dissent. I agree that a stipulation waiving corroboration of grounds made in open court is the functional equivalent of a written waiver. I also agree that the doctrine of invited error is applicable. The majority says that the doctrine is inapplicable because the chancellor did not commit error. I was under the impression that we reversed and dismissed this case because of our perception that the chancellor erred in awarding Mrs. Rachel a divorce on the ground there had

not been strict compliance with the statutory requirement of a written waiver. Finally, I agree that this case can be correctly resolved by applying the equitable maxim, "equity treats as done that which ought to have been done." This principle is a part of our law. *Walden v. Holland*, 206 Ark. 401, 175 S.W.2d 570 (1943).

But in my view the most powerful argument for granting the petition on rehearing is the principle of estoppel. The basic concept is that a person may be precluded from questioning the validity of a divorce decree if, under the circumstances of the case, it would be inequitable to permit him to do so. In the *Law of Domestic Relations* § 11.3, at 305 (1968), Professor Clark formulates the principle concisely:

> [I]f the person attacking the divorce is, in doing so, taking a position inconsistent with his past conduct, or if the parties to the action have relied upon the divorce, and if, in addition, holding the divorce invalid will upset relationships or expectations formed in reliance upon the divorce, then estoppel will preclude calling the divorce in question.

*See also Restatement (Second) of Conflicts* § 74 (1971). These basic principles are well established in Arkansas law. In *Anderson v. Anderson*, 223 Ark. 571, 575, 267 S.W.2d 316, 318 (1954), a divorce case, our supreme court said:

> The whole principle of equitable estoppel is that when a man has deliberately done an act or said a thing, and another person who had a right to do so has relied on that act or words and shaped his conduct accordingly, and will be injured if the former can repudiate the act or recall the words, it shall not be done. (quoting *Baker-Matthews Lumber Co. v. Bank of Lepanto*, 170 Ark. 1146, 282 S.W. 995 (1926))

In *Mason v. Urban Renewal*, 245 Ark. 837, 840, 434 S.W.2d 614, 615 (1968), the court said:

> We find it unnecessary to consider appellants' contentions because each of the appellants shared in benefits from the decrees of the trial court. One who shares in the fruits or benefits of a judgment or decree is estopped to challenge its validity, even where there is a want of jurisdiction of the

subject matter.

*See also Morgan* v. *Morgan*, 171 Ark. 173, 283 S.W. 979 (1926), and *Butts* v. *Butts*, 152 Ark. 399, 238 S.W. 600 (1922).

Clearly on the facts of this case Mr. Rachel is estopped to challenge the validity of this divorce decree.

The majority's explanation as to why estoppel is inapplicable is particularly unsatisfying. The majority says that estoppel does not apply because there was no waiver in writing as required by the statute. It fails to recognize that waiver and estoppel are separate concepts.

The majority opinion is based on platitudes and general statements from clearly inapplicable cases. As Holmes said in *Lochner* v. *New York*, 198 U.S. 45 (1905), general propositions do not decide concrete cases. The majority goes to great lengths to establish that it was the law for many years in this state that corroboration of grounds was essential and could not be waived, before noting, almost as an aside, that the legislature has now changed that rule to provide that corroboration of grounds can be waived in *any* divorce action whether contested or uncontested. In *McNew* v. *McNew*, 262 Ark. 567, 559 S.W.2d 155 (1977), from which the majority quotes, the question the court dealt with was whether it ought to judicially abolish the requirement of corroboration in contested cases. The court held that it would be unwise to do so. Of course *McNew* was decided before the legislature provided for waiver of corroboration in contested cases in 1981. So was *Morrow* v. *Morrow*, 270 Ark. 31, 603 S.W.2d 431 (1980), cited by the majority. It is fair to say that the action the legislature took in 1981, was a legislative overruling of the majority opinion in *Morrow*. No case cited by the majority is factually similar to the case at bar. No case cited by the majority deals with the issue of estoppel.

As Justice David Newbern, then a judge of this court, said in dissent in *Morrow*, "the majority appears to attribute to the corroboration requirement a sacredness which I find unjustifiable." 270 Ark. at 36, 603 S.W.2d at 434. The majority correctly recognizes that the sole reason behind the requirement of corroboration is to prevent collusion. It is abundantly clear that there was no collusion in this case.

We do not know whether these litigants may have remarried. We do not know what has become of their property, long since divided by the chancellor. If there were some compelling reason to leave these unfortunate litigants dangling in the wind, I would be forced to agree. Because no such reason exists, I respectfully dissent from the denial of the petition for rehearing.

I am authorized to state that Judges Cracraft and Cooper join in this dissent.