Raymond Henry RACHEL *v.* Christine S. RACHEL

87-259                                          741 S.W.2d 240

Supreme Court of Arkansas
Opinion delivered December 14, 1987
[Rehearing denied January 19, 1988.*]

*Johnson & Harrod*, by: *William E. Johnson*, for appellant.

*John R. Byrd*, for appellee.

---

*Holt, C.J., and Hays, J., would grant rehearing.

ROBERT H. DUDLEY, Justice. The Chancellor granted an absolute divorce to appellee, Christine Rachel. The appellant, Raymond Rachel, appealed to the Court of Appeals. The Court of Appeals, Division I, reversed and dismissed. *Rachel* v. *Rachel*, 21 Ark. App. 77, 729 S.W.2d 16 (1987). Rehearing was denied in that court by a three-to-three, tie vote. *Rachel* v. *Rachel*, 21 Ark. App. 77 at 79-A, 733 S.W.2d 743 (1987). We granted certiorari. We reverse the Court of Appeals and affirm the trial court.

The appellant first argues that the Chancellor erred in granting the divorce because the appellee, Christine Rachel, failed to present corroborating evidence of her residency. Ark. Stat. Ann. § 34-1207.1 (Supp. 1985). The short answer to the argument is that the proof of residency was corroborated. Coralene Ashcraft, a witness for appellee, responded to appellee's attorney's questions as follows:

Q.  All right. Do you know Christine Rachel?

A.  Yes.

Q.  Have you known her—Have you known she's lived here in Arkansas or known she's lived here in Crossett for a long time?

A.  I've known Chris twenty-three years.

Q.  Has she lived there as long as you've known her?

A.  Uh-huh.

Appellant next argues that the Chancellor erred because he granted the divorce without corroboration of the grounds of divorce. The argument is without merit because the appellant expressly waived corroboration of appellee's grounds. The applicable statute, Ark. Stat. Ann. § 34-1207.1 (Repl. 1975) provides, in part, that corroboration of the injured party's grounds is necessary in contested cases, unless it is expressly waived in writing by the other spouse. Here, there was no corroboration of grounds. The issue is whether the corroboration of grounds was validly waived.

A statement outlining the proceedings is necessary to understand the point. After numerous pleadings were filed, the issues were joined with both parties asking for a divorce. The parties

then entered a written property settlement which divided almost all of their property, dropped appellant's counterclaim for divorce, and provided that only four issues, including alimony and attorney's fees, would be submitted to the court. The written stipulation did not expressly waive the corroboration of appellee's grounds. However, the trial of this case commenced as follows:

*THE COURT*: Court will be in session.

On the record, we are here today for the trial of Case Number 85-319-2, in which Christine Rachel is the Plaintiff [appellee] and Raymond Henry Rachel is the Defendant and Counter-Claimant [appellant].

Ms. Rachel is personally present with her attorney, Honorable Richard Byrd, and Mr. Rachel is personally present with his attorney, Honorable Gary Draper.

There has been an off-the-record conference, pre-trial among counsel and Court in which certain matters have been clarified, certain issues have been basically certified to the Court to be disposed of, and others have been indicated to the Court have been settled in the stipulation, which has been executed this morning by both parties and the counsel.

It's the Court's understanding that based on these agreements that the counter-claim of Mr. Rachel for an absolute divorce will be withdrawn and that Ms. Rachel will proceed in a moment with proof on her amended complaint for absolute divorce.

Also, *the Court has been advised by Mr. Draper that Mr. Rachel will waive corroboration* of the grounds for absolute divorce by Ms. Rachel in accordance with the statute. *Since the Court feels that for safety's sake that waiver should be in writing, we'll do it on the record here* then and whoever prepares the decree from this proceeding will specifically put a provision in the decree, so that we will have a written waiver, so to speak, to comply with the statute.

As previously set out, the applicable statute gives the defendant in a divorce action the right to waive the requirement of

corroboration of the ground of divorce. The sole issue then is whether a right which may be waived by a party in writing can be waived by a party or the court dictating the waiver into the court record. We have no hesitancy in holding that an oral waiver made in open court *and recorded by the reporter* is just as valid as though transcribed and executed.

A similar situation occurs when pleadings are considered amended to conform to the evidence. The rules of civil procedure require that the pleadings in circuit, chancery, and probate courts be in writing. ARCP Rules 10 and 11. However, when issues are not pleaded in writing, but are tried by the implied consent of the parties in open court, the written pleadings may be considered to be amended as though the amendment were reduced to writing. ARCP Rule 15(b).

The appellant next argues that the Chancellor erred in granting the divorce because no grounds of divorce were proven. This argument is also without merit. The appellee testified that, in 1982, while she and appellant were married, he left her to live with another woman in Bastrop, Louisiana. They reconciled their differences almost two years later, and in September 1984, he moved back into the marital home. However, after only a few weeks he again started spending weekends with the other woman in Bastrop. The testimony established the ground of general indignities.

Appellant next argues that the Chancellor abused his discretion in ordering $800.00 per month alimony. We find no abuse of discretion. Many times we have said that in fixing the amount of alimony to be awarded, the trial court is given great discretion, and unless there appears to be a clear abuse of that discretion we will not disturb the award on appeal. *Alexander* v. *Alexander*, 241 Ark. 741, 410 S.W.2d 136 (1967).

The Chancellor in this case weighed many of the factors set out in *Boyles* v. *Boyles*, 268 Ark. 120, 594 S.W.2d 17 (1980) before awarding alimony. He found that the appellee was 53 years of age; had only a high school education; had no career skills; had been married 29 years; had diabetes, hypertension, and arthritis; and would receive about $58,000 worth of property. She worked part time as a telephone operator and earned only $400 to $500 per month.

On the other hand the appellant, who was 56 years old, had worked in paper mills for 36 years, was an assistant mill superintendent, had a monthly gross salary of $4,109.00 and was in good health. He would receive about $20,000 worth of property from the marriage with liabilities of about $13,500.00.

After examining all of the above factors, we cannot say the Chancellor abused his discretion in attempting to rectify the economic imbalance of the parties which came about after 29 years of marriage.

The appellant's last argument is that the Chancellor abused his discretion in awarding an attorney fee of $2,000.00 to appellee. Again, we are unwilling to say there was an abuse of discretion in the amount of the award of fees. The appellee testified that her total attorney's fees and court costs were $5,730.00 and, to the date of trial, she had paid $2,800.00 of the amount from her savings. The Chancellor was in a better position than we are to observe the extent of preparation and the complexity of the case. The appellant has not demonstrated an abuse of discretion.

The Court of Appeals is reversed; the trial court is affirmed.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I agree with the majority that the trial court's recitation into the record of appellant's expressed waiver meets the requirement of Ark. Stat. Ann. § 34-1207.1 (Supp. 1985). I also believe appellant's argument must be rejected because he invited error. It is well settled that, under the doctrine of invited error, appellant may not complain on appeal of an erroneous action of a trial court if he had induced or acquiesced in that action. *See Missouri Pacific Railroad Co.* v. *Gilbert*, 206 Ark. 683, 178 S.W.2d 73 (1944); *Kansas City Southern Railroad Co.* v. *Burton*, 122 Ark. 297, 183 S.W.2d 189 (1916) and *J. I. Case Co.* v. *Seabaugh*, 10 Ark. App. 186, 662 S.W.2d 193 (1983). While the appellant and his attorney were before the court, they were aware the judge understood that appellant would waive corroboration of grounds and that the waiver would be reduced to writing to be contained in the parties' decree. Knowing of the judge's expressed understanding and treatment of appellant's waiver, appellant now tries to take

advantage of the court's having granted the parties' divorce by signing a decree which failed to include or reflect that waiver. Because I believe the appellant induced or, at the very least, acquiesced in the court's error, I would reverse the court of appeals and affirm the trial court.