Owen D. OATES *v.* Maria Teresa OATES

99-108                                    10 S.W.3d 861

Supreme Court of Arkansas
Opinion delivered February 24, 2000

*H. Oscar Hirby*, for appellant.

*Herby Branscum, Jr.*, for appellee.

TOM GLAZE, Justice. This divorce case was filed by appellee Maria Teresa Oates against her husband, appellant Owen D. Oates. Maria alleged general indignities. Owen filed an answer, denying Maria's allegations and countered, requesting that he be granted a divorce and that the parties' liabilities and property rights be adjudicated.

At trial, Maria proceeded on her complaint and testified in support of her alleged grounds, stating that Owen no longer loved her and did not want to live with her, that she felt she had been abused mentally and emotionally, that there had been some unfaithfulness in the marriage, and that Owen had a drinking problem. Maria said the stress from all these matters made her ill. Maria further averred that she and Owen had separated on October 28, 1997, and had been apart continuously since then.

Owen's counsel cross-examined Maria and asked her whether she was aware when they married that Owen's job would require him to be transferred to other cities. She agreed, but said when they moved to New York, she became unhappy because she was from a small town. Maria also complained that Owen was gone from dark-to-dark. She admitted that Owen had had a drinking problem all of his life, and she had coped with it. Maria stated that she asked Owen if she could return to her home town. Later she left Owen in New York and returned to Texas where she taught and worked on her retirement. Maria would visit Owen in New York when she took her vacation. She conceded she was not interested in filing for divorce even after Owen left her in Perry, Arkansas; she begged him to stay. At this stage of Maria's cross-examination, her counsel interrupted. The following colloquy occurred:

> MR. BRANSCUM: *I thought they had stipulated to the grounds.* I don't know that the relevance of this is — I thought the issue was the property.

MR. JAMES: There is a question about alimony, or *if you are waiving alimony, then we won't get into that.*

MR. BRANSCUM: *I've asked for an equalization of the retirement that was acquired during the marriage in lieu of alimony.*

MR. JAMES: You're asking for one-half ($^{1}/_{2}$) interest in the pension.

MR. BRANSCUM: Yeah.

MR. JAMES: Okay. That's all?

MR. BRANSCUM: Yeah.

THE COURT: Did you say "yes," Mr. Branscum?

MR. BRANSCUM: That is the prayer. I've asked for the equalization in the pension in lieu of alimony. I think that's the way it's pled.

THE COURT: Did you understand that, Mr. James?

MR. JAMES: Let me ask some questions.

Owen's counsel then questioned Maria concerning her and Owen's pensions and inquired about other property and insurance as well. After testifying, Maria called Tina Sawyer as her corroborating witness, who testified that Maria had been a resident of the state at least 90 days prior to filing this divorce action, and that Sawyer knew Maria and Owen had been separated since October of 1997. Maria then rested her case.

Owen took the stand and testified to the parties' problems over the years and said that the longest period he and Maria lived together was four years. He stated that Maria appeared a little bit more stable when she was in Texas, but admitted their marriage never worked. Owen said, "I suppose *she is aggrieved at me as we cannot have this thing happen without her finding fault. But I have no drinking problem.*" The balance of Owen's testimony bore largely on the parties' properties and pensions in dispute. Owen's testimony reflected he never agreed to Maria's demand that she be awarded one-half of pension, or that the one-half amount be paid in lieu of alimony.

After both parties rested, the trial court entered a final decree, awarding Maria a divorce. The court awarded Maria 27.5% of Owen's retirement and Owen 27.27% of Maria's retirement and then ordered various properties it found marital to be divided or sold and the proceeds divided equally. The chancellor also found Maria to be the sole owner of inheritance property located in Texas, and divided other personal property equally.[1] The chancellor also ordered Owen to continue Maria on his health insurance.

Owen appealed from the chancellor's decree, raising six issues for reversal. The first issue questions whether the chancellor erred in granting Maria a divorce. In this first point, Owen argues Maria failed to corroborate her grounds for divorce. We agree. Thus, we must reverse and dismiss this case without prejudice. In so holding, the remaining issues bearing on the property awards and other matters argued will not be addressed.

█ The premise of Owen's argument is that this is a contested divorce, and at no time did Maria provide an expressed waiver of the requirement of corroboration to her alleged grounds as she could have done under Ark. Code Ann. § 9-12-306(b) (Repl. 1998) (in contested suits, corroboration of the injured party's grounds may be expressly waived in writing by the other spouse). Our courts have held that divorce is a creature of statute and can only be granted when statutory grounds have been proved and corroborated. *Russell v. Russell*, 275 Ark. 193, 628 S.W.2d 315 (1982); *Copeland v. Copeland*, 2 Ark. App. 55, 616 S.W.2d 773 (1981). Here, Maria concedes the record reflects no writing whereby she waived corroboration of grounds. However, she submits that some sort of "understanding" had been presented to the court in a pretrial in-chambers session, but then admits that nothing in the record actually reflects a written waiver or "understanding."

Maria argues that, while the record reveals no written waiver by Owen, she claims that such a waiver was evident from the exchanges between counsel at trial. Our review reveals that colloquy made nothing clear. Owen's counsel questioned Maria regarding her ground allegation that she previously mentioned on direct examination, at which point Maria's counsel interrupted and asserted that he *thought* they had stipulated to divorce grounds and

---

[1] The chancellor also had each party retain the personal property in their possession.

that only the parties' property was in issue.[2] Owen's counsel responded, indicating such was not the case if she was asserting a claim to alimony or to one-half of Owen's pension. Maria's counsel made it clear that Maria sought one-half of Owen's pension in lieu of alimony. In short, a fair reading of Owen's remarks reflects that he was contesting the divorce, so long as the alimony/pension issues remained unresolved.

█ Maria cites to *Rachel v. Rachel*, 294 Ark. 110, 741 S.W.2d 240 (1987), to support her proposition that Owen's counsel waived corroboration, but the situation in *Rachel* was vastly different. There, the defendant-husband's counsel specifically informed the trial court that defendant, Mr. Rachel, had waived plaintiff's, Mrs. Rachel's, having to corroborate her grounds. Having been informed of Mr. Rachel's waiver, the trial court properly entered Mr. Rachel's waiver on record, so the waiver would be in writing and meet the statutory requirement under § 9-12-306(b). In the instant case, neither Maria's counsel nor the chancellor showed or clarified whether a waiver or so-called stipulation had been reached.

█ Finally, Maria's arguments suggest that Owen had some obligation to object to her having failed to prove corroboration at trial, and that, if he had done so, Maria would have offered additional testimony. Our law is long settled that in a non-jury trial, a party who does not challenge the sufficiency of evidence does not waive the right to do so on appeal. *Harpole v. Harpole*, 10 Ark. App. 298, 664 S.W.2d 480 (1984); *see also Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995); *Bass v. Koller*, 276 Ark. 93, 632 S.W.2d 410 (1982); Ark. R. Civ. P. 50(e). As was the disposition in *Harpole*, we reverse and dismiss this case without prejudice.

ARNOLD, C.J., BROWN and THORNTON, JJ., dissent.

RAY THORNTON, Justice, dissenting. I respectfully dissent from the opinion of the majority, on the grounds that the decision of the trial court in granting appellee a divorce should be affirmed. The fundamental issue to this appeal is appellant's contention that the grant of the divorce was in error because appellee failed to provide corroboration of her grounds for divorce.

---

[2] Administrative Order Number 4 provides that, unless waived on the record by the parties, it shall be the duty of any circuit, chancery, or probate court to require that a verbatim record be made of all proceedings pertaining to any contested matter before it.

Appellee contends that appellant orally agreed to waive corroboration at a pre-trial conference in the judge's chambers, an exchange which was not made a part of the record but which appellee argues was alluded to by both attorneys during the trial itself. Appellant has responded that Ark. Code Ann. § 9-12-306 (Repl. 1998) requires that in contested suits such as this, corroboration of the injured party's grounds may be expressly waived only in writing by the other party.[1]

Section 306 provides that: "Corroboration of the injured party's grounds may be expressly waived in writing by the other spouse." *Id.* Corroboration must be testimony of a substantial fact or circumstance which leads an impartial and reasonable mind to believe that material testimony as to a valid fact or circumstance is true; and that it was vital to a complaining spouse's suit for divorce on this ground to show that a course of conduct pursued by the other spouse was the cause of an intolerable condition of the complaining spouse. *Welch v. Welch*, 254 Ark. 84, 491 S.W.2d 598 (1973).

We have previously interpreted the requirement of corroboration to include an oral waiver made in open court and recorded by the reporter. Such a waiver is just as valid as though transcribed and executed. *Rachel v. Rachel*, 294 Ark. 110, 741 S.W.2d 240 (1987). In that case, we relied upon Ark. R. Civ. P. 15(b), which provides that, notwithstanding Rules 10 and 11, which require that pleadings be in writing, when issues are not pleaded in writing, but are tried with the implicit consent of the parties in open court, the written pleadings may be considered to be amended as though the amendment were reduced to writing. *Rachel, supra.*

Appellee asserts that the oral waiver was made in chambers at a pre-trial conference, but the agreement was not reduced to writing, nor was it transcribed and made a part of the record. Through his new counsel on appeal, appellant argues that he did not give an express written waiver of the requirement of corroboration, but he does not argue on appeal that a verbal waiver was not discussed or even agreed upon. My reading of the record indicates that the two attorneys and the chancellor shared knowledge of an agreement

---

[1] The word "only" does not appear in the statutory language. *See* Ark. Code Ann. § 9-12-306.

between the parties not to contest corroboration. During cross-examination of appellee, plaintiff below, counsel for appellant began to question her about the separations between the couple and how much time the parties had actually spent living together during their thirty-one years of marriage. In objecting, appellee's counsel stated: "Now, your Honor, I thought that they had stipulated to the grounds. I don't know what the relevance of this is, and it — I thought the issue was the property. That was my understanding."

Appellant's counsel responded: "Well, it — I mean if there's a question about alimony, or if they're — if you all are waiving alimony then — *then we won't get into that*" (emphasis supplied). Appellant's counsel did not continue his previous line of questioning, but moved on to inquire of appellee whether she felt that she had helped appellant acquire financial benefits during the marriage. Appellant did not dispute appellee's counsel's statement that grounds had been stipulated. A review of the testimony elicited at trial reveals that the remainder of the questioning, particularly the cross-examination of appellee, concerns primarily the financial issues attendant to the divorce rather than a contest of the underlying grounds for divorce.

In *Rachel, supra*, the trial judge made a statement for the record that it had been advised that Mr. Rachel was waiving corroboration of the grounds of divorce by Mrs. Rachel, "in accordance with the statute." The chancellor noted that such waiver should be in writing and directed the attorney charged with preparation of the order to note the waiver; however, this did not take place. Under that set of facts, we held that this recitation for the record, made in open court and recorded by the reporter, was sufficient to satisfy the requirements of the statute. *Id*.

The grounds presented by appellee in this case included her testimony that appellant had left her "many times" during their thirty-one years of marriage. Appellee told the court that she retired from her job in Texas to follow her husband to Perry County, then saw him "[take] off again for a whole year," leaving her in his hometown. According to appellee, the last time appellant left her he told her he wouldn't be back, and he sent her letters telling her he no longer loved her and did not want to live with her, so she should seek a divorce. Appellee alleged drinking problems and infidelity on the part of appellant, and it was revealed that he

had kept secret from her a bank account and his purchase of real property. She also described the physical toll the stress of her marriage had placed on her, including bouts with pneumonia and hepatitis that forced her to quit her job in Morrilton. Even appellant claimed that the couple had lived together only ten years during the marriage.

The statements of counsel, and indeed, the conduct of the entire case supports the existence of an agreement by the parties that appellant would not contest the divorce on the issue of corroboration. Without an agreement between the parties that appellant would waive the requirement of corroboration, appellee would no doubt have presented additional evidence from her corroborating witness in support of her grounds for divorce. And, in the absence of such an agreement known to the chancellor, the trial court would not have granted this divorce based solely on the testimony of the two parties. The purpose of requiring corroboration is to prevent parties from obtaining a divorce by collusion. *Rachel, supra.* As indicated by the appeal of the granting of the divorce here, there is obviously no suggestion of collusion on the part of these parties. There are, however, certainly grounds in support of severing the bonds of matrimony between appellant and appellee.

While cases on appeal from the chancery court are tried *de novo*, this court does not reverse unless the findings of the trial court are clearly erroneous. We give due deference to the trial judge's superior position to determine the credibility of the witnesses and the weight to be accorded their testimony in the light of other facts before the judge. *Stover v. Stover,* 287 Ark. 116, 696 S.W.2d 750 (1985). Under the set of facts now before this court, where the statement that the parties had stipulated to grounds was made in open court by appellee's counsel, and was not corrected by appellant, but, rather, was implicitly agreed to by appellant's counsel's actions and statements, I would conclude that this scenario meets the requirements set forth in the *Rachel* case and would therefore uphold the lower court's granting of the divorce to appellee. The trial court here had the opportunity to observe the credibility and demeanor of both the witnesses and their counsel. Because the findings of a chancellor are due great deference by this court, and because there is no showing of collusion in the obtaining of this divorce, I respectfully dissent from the majority opinion.

Dissent.

ARNOLD, C.J., and BROWN, J., join in this dissent.