DAVID M. GLOVER, Judge 11 Melissa Johnson appeals the termination of her parental rights to L.R. and R.R. She contends the trial court failed to present'd “qualified- expert witness” pursuant to 25 U.S.C. section 1912(f) (Indian Child Welfare Act) and therefore failed to show that return, of custody of the children to her was likely to result in serious emotional or physical damage. We affirm. The facts of the case are essentially undisputed and can be briefly stated. Melissa' was arrested on drug charges, and, eventually, her three minor children, L.R., R.R., and E.R., were taken into custody. ' However, only her rights to L.R. and R.R. are at issue here. The Indian Child Welfare Act was determined to be applicable based on Melissa’s claim to membership in the Cherokee. Nation of Oklahoma. By order entered on February 2, 2014, all three children were adjudicated dependent-neglected. In April 2014,. the Cherokee Nation began attending hearings via a [¿representative, Tád Tehee. . The children’s grandmother was also allowed to intervene in the. case; The-Arkansas: Department of Human Services (DHS) attempted a trial return of custody, to Melissa; however, the children were again removed in September 2014 when L.R. was discovered playing near the road at the apartment complex where they lived. Melissa was inside, asleep, and' did not know where L.R. was. Her drug screen was positive for methamphetamine and THC. DHS subsequently filed a petition to terminate Melissa’s parental rights. Tehee represented the Cherokee Nation at the April 30, 2015 termination hearing. At that time, Melissa was incarcerated but was present at the hearing. DHS presented two witnesses in support of its petition to terminate Melissa’s- parental rights, Jamie White and Erica Eneeks, two DHS employees who had worked with the family during this case. Jamie White testified she had been the caseworker on the case since February 28, 2014. She reviewed the history of the case and the services provided and offered her assessment that no progress had been made to resolve the issues that brought the children into DHS care. She opined the children would be at risk of serious harm if they were returned home. She also testified the children were adoptable. Erica Eneeks, the current supervisor on the case, testified she was the caseworker from December 2013,until February. 28, 2014. She explained that DHS had offered services to-Melissa, and it was her initial completion of some of the services that had led -to the trial home placement. She reiterated the - circumstances leading to the second return of custody to DHS in September 2014 and stated Melissa did not complete the second referral for drug-and-alcohol assessment after that incident. She also explained that Melissa had lost contact Iswith DHS prior to her incarceration and that her lack of contact and support for the children had continued during her incarceration. Tehee offered his recommendation to the trial court.- He explained it was the Nation’s opinion that DHS made efforts to reunify the family and provided services to put the children back in the home, but those services proved unsuccessful, and one of the children was left to wander alone in a parking lot while Melissa tested positive for meth. He expressed- the Nation’s opinion that termination should be granted, that the children were adoptable, and that return of the children to either parent would result in emotional and physical damage to the children. At no time during the hearing did Melissa attempt to voir dire the witnesses or raise any objection that DHS had failed to present a qualified expert witness pursuant to 25 U.S.C. section 1912(f): Following the hearing, both parents’ rights 'to L.R. and R.R. were terminated by order entered on June 29, 2015, and this appeal by only Melissa followed. In her appeal, Melissa characterizes her argument as one challenging the sufficiency of the evidence to support termination, contending that DHS was required to present “expert testimony” in proving its case under the ICWA, that DHS did not present any expert witnesses, and that consequently it failed to present sufficient evidence to support the termination of parental rights.' We have concluded that the issue she- raises on appeal is not truly a sufficiency argument, that it should have been argued below, and that because it was not, it was not properly preserved for our review. |4Melissa acknowledges she raised no objection below that these witnesses had not been qualified as experts, but contends she was not required to because the Indian Child Welfare Act specifies that [n]o termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child. 25 U.S.C. § 1912(f) (emphasis added). She argues DHS failed to present the required evidence under the Act because it failed to present the necessary expert witness, making it a sufficiency-of-the-evidence challenge rather than an evidentiary challenge. While the argument is clever and, if accepted, would bypass the preservation problems, we are not persuaded. In Philpott v. Arkansas Department of Human Services, 2011 Ark. App. 572, at 6, 2011WL 4477860, we explained On appeal, appellant argues that the DHS case worker who testified at the termination hearing was not a “qualified expert witness” under the ICWA. He failed to make this argument to the trial court, however, and it is well settled that arguments made for the first time on appeal will not be considered. Appellant’s counsel ' neither objected to McKay’s testimony nor did he voir dire McKay regarding her qualifications as an expert under the ICWA. As such, the present arguments were never presented to the trial court, and the trial court had no opportunity to rule on them. (Citations omitted and emphasis added.) Melissa attempts to distinguish Philpott from the instant case by noting that the witness in Philpott had been “qualified as an expert witness.” While the Philpott opinion notes that the trial court questioned the witness and that the witness testified she had been a caseworker for almost seventeen years and had previously testified' in termination proceedings involving | Jndian children, it is- not at all clear from the opinion that the trial -court specifically found the witness to be an expert. We are not convinced of the distinction Melissa attempts to draw between the instant situation and that presented in Philpott. Moreover, even if a distinction exists, it is one without any significant difference, and,-as in Philpott, the argument raised in this appeal should have been presented to the trial court if it was to be preserved for our review on appeal. Affirmed. Kinard, J., agrees. Virden, J., concurs.