Mike Murphy, Judge, Dissenting. I agree with the majority that the termination of Ricky Howell’s parental rights in this case was appropriate. I respectfully disagree, however, with the conclusion that, because Susan did not preserve the expert-witness-qualification issue below, she is now precluded from doing so on appeal. The Indian Child Welfare Act (ICWA) requires testimony from a qualified expert witness at the termination hearing. 25 U.S.C. § 1912. It is part of the State’s heavy burden of proof and is an element fixed by federal statute. The ICWA was designed to address the concerns surrounding removing large numbers of Indian children from their families and | gtribes through adoption or foster-care placement, usually in non-Indian homes. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 32, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989). To address this concern, Congress demanded proof beyond a reasonable doubt, including qualified expert testimony, when state agencies seek to terminate the parental rights of Native Americans. On appeal, Susan asked that we revisit our holding in Johnson v. Arkansas Department of Human Services, 2016 Ark. App. 49, 481 S.W.3d 463, insofar as it is inconsistent with Williamson v. Elrod, 348 Ark. 307, 72 S.W.3d 489 (2002). The majority states that Susan should have raised an objection when Nicole Allison testified, moved for directed verdict, or objected when the . court issued its termination order, and highlights the language from Williamson that “the appropriate time to challenge the failure to meet the standard of proof was during the directed-verdict motion.” Id. at 312, 72 S.W.3d at 492. The majority is in error, however, because, like in Williamson, Susan’s challenge that there was no expert testimony as required by the ICWA is a sufficiency-of-the-evidence challenge, but unlike Williamson, hers was a bench trial. Our law is long settled that in a nonjury trial, a party who does not challenge the sufficiency of evidence does not waive the right to do so on appeal. Ark. R. Civ. P. 50(e); see, e.g., Oates v. Oates, 340 Ark. 431, 10 S.W.3d 861 (2000); see also In the Matter of N.L., 754 P.2d 863 (Okla. 1988) (ICWA dependency-neglect case reversed after finding a failure to properly present expert testimony, distinguishing an argument as to the sufficiency of the evidence raised on appeal versus the need to object at trial). To demand that Susan voir dire or object to Allison’s testimony is equally inappropriate. As the Williamson court pointed out, To require a party to object that the opposing party did not meet its burden of proof during a witness’s testimony would allow the opposing party to then resume | mduestioning to meet that burden. In other words, had appellant objected during Dr. Landrum’s testimony that the burden of proof was never established or met, then Elrod would have immediately cured the lack of proof by asking more questions, thus, in essence, shifting the burden of proof to appellant to show that the standard was not met rather than keeping it with Elrod to establish that it was met. Williamson, 348 Ark. at 312, 72 S.W.3d at 492-93. In termination-of-parental-rights cases, it is DHS’s burden to prove each element, and in ICWA cases, to prove those elements beyond a reasonable doubt. It is unconscionable to (1) shift that burden to the parents to prove how those elements were not met, rather than keeping it on the State to establish that it was and (2) afford litigants in actions for monetary damages more evidentiary protections than parents pitted against the State in actions implicating a fundamental constitutional liberty interest. Furthermore, and with all due respect, how exactly was Susan to divine that Nicole Allison was to be the qualified expert witness if DHS never moved to establish her as such? Arkansas courts have relied on guidelines promulgated by the Bureau of Indian Affairs to assist in defining a qualified expert witness under the Act. See Burks v. Ark Dep’t of Human Servs., 76 Ark. App. 71, 61 S.W.3d 184 (2001). Those guidelines provide that the following persons are most likely to meet the requirements of a qualified expert witness for purposes of Indian ICWA proceedings: (i) A member of the Indian child’s tribe who is recognized by the tribal community as knowledgeable in tribal customs; (ii) A lay expert witness having substantial experience in the delivery of child and family services to Indians; (iii) A professional person having substantial education and experience in the area of his or her specialty. Id. In As a Montana court facing the same issue put it, Nowhere in the transcript of the termination hearing is there any indication that the Department ever expressly offered—let alone qualified—Hicks’ testimony as that of an ICWA “expert,” Nor did the District Court ever expressly rule on Hicks’ qualifications as an ICWA expert during that proceeding.... We refuse to endorse the unreasonable notion, implicit in the Department’s position on appeal, that T.L.E. was under an obligation to object to each and every witness offered by the Department if she wished to preclude a witness from being deemed, after the fact, an ICWA expert. In re K.H., 294 Mont. 466, 981 P.2d 1190, 1194-95 (1999). Finally, the majority notes that the trial court refers in its order to witness Nicole Allison as an expert witness. While the trial court may have familiarity with this particular witness, there is scant testimony in this record to support that conclusion in terms of even the most bare-bones eviden-tiary foundation. Prior to giving her opinion as to parental termination, Ms. Allison testified that she is “a child welfare specialist III for the Cherokee Nation, Indian Child Welfare,” was assigned to the case when the tribe was notified the children were eligible members, participated in this case and at hearings prior to the termination hearing, and discussed the services provided to Susan and Ricky by DHS and the Cherokee Nation. On this record alone, I believe there was not an adequate foundation laid from which the trial court could have assessed whether the witness possessed any of the requirements set out in the guidelines provided in Burks. For these reasons, I respectfully dissent. Whiteaker, J., joins in this dissent.